Plaintiff, W.D. Bailey, sued Ralph Avera and Max Carroll, alleging defamation, invasion of privacy, and intentional infliction of emotional distress. At the close of the plaintiff's evidence, the trial court directed a verdict in favor of the defendants on the count alleging intentional infliction of emotional distress. The jury returned a verdict in the defendants' favor on the remaining counts. Bailey filed a motion for new trial, which was denied. Bailey appeals from the defendants' judgment.
Bailey presents two grounds for reversal: (1) That the trial court erred in giving certain jury charges and in refusing the plaintiff's requested written jury charges relating to defamation and invasion of privacy and (2) that the trial court erred in directing a verdict as to the count alleging intentional infliction of emotional distress.
The first issue raised by Bailey is not properly before this court. Rule 51, Ala.R.Civ.P., reads as follows:
 "No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection."
Applying that rule, this Court has said:
 "The fact that no objections were made to the court's charge precludes the appellant from assigning as error the trial court's instruction to the jury. . . ."
Gavin v. Hinrichs, 375 So.2d 1063, 1064 (Ala. 1979) (citations omitted). Bailey made no objection to the trial court's charge before the jury retired and is, therefore, precluded from assigning as error the trial court's jury charges on defamation and invasion of privacy.
This case was filed after June 11, 1987. Accordingly, the "substantial evidence" rule is the standard for review in this Court. See Ala. Code 1975, § 12-21-12. Therefore, the standard of review applicable to a directed verdict would be whether the nonmoving party had presented substantial evidence in support of his position. If he had not, then a directed verdict would be proper. § 12-21-12.
Viewed most favorably to the appellant, the evidence at trial showed the following: In October 1985, Bailey, as chairman of the board of deacons of Brantley Baptist Church, retained the services of an attorney, Merrill Shirley, to represent the church in a lawsuit unrelated to this proceeding. The fee arrangement between the church and Shirley was that Shirley was to receive 20% of any recovery, plus $500 for expenses. In April 1986, a jury returned a verdict for the church in the amount of $100,000. Shirley approached Bailey about settlement of the case and compensation for extra time in preparation for trial. The board of deacons subsequently agreed that any money recovered over $80,000 would be paid to Shirley as an *Page 1040 
attorney fee. On May 29, 1986, Shirley recovered $107,500 for the church ($100,000 plus $7,500 accrued interest). Upon receipt of the settlement funds, Shirley presented two checks to Bailey. One check, for $70,400, was from Shirley's trust account; the second check, for $10,000, was from Shirley's personal account as a contribution to the church. Shortly thereafter, the board of deacons decided to deposit the money in the bank.
No one at the church, other than Bailey, knew the amount of recovery or the manner in which the checks were disbursed until the March 17, 1987, deacons' meeting; at that meeting these things were brought to the attention of Avera, the church's pastor. Over the next three months, Avera stated at deacons' meetings and to the congregation on at least one occasion that money was missing from the church. Carroll, a deacon, who was present at these meetings, stated to members of the community, including church members, that the church was missing some money and that Bailey was in charge of handling the church's money. In June 1987, after a vote of no confidence by the church, Bailey was removed as a deacon of the church.
To show that the trial court erred in directing a verdict for the defendants on the count alleging intentional infliction of emotional distress, the plaintiff must show that there was "substantial evidence" that the defendants, by extreme and outrageous conduct, intentionally or recklessly caused severe emotional distress to the plaintiff. This Court, inAmerican Road Service Co. v. Inmon, 394 So.2d 361 (Ala. 1981), defined "extreme" conduct as "conduct so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." 394 So.2d at 365. The Court went on to define "severe emotional distress" as "emotional distress so severe that no reasonable person could be expected to endure it." 394 So.2d at 365.
The conduct involved in the present case is not so extreme in nature as to constitute "extreme and outrageous conduct." At most, the conduct involved " 'mere insults, indignities, threats [or] annoyances' for which the law will not hold one liable in tort." Barrett v. Farmers Merchants Bank,451 So.2d 257, 263-64 (Ala. 1984).
The trial judge properly granted the defendants' motion for directed verdict. There was no "substantial evidence" to support the plaintiff's claim of intentional infliction of emotional distress.
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.