ALMON, Justice.
This is an appeal from a judgment based on a directed verdict in favor of the defendant, the Mobile Infirmary Medical Center (“Infirmary”), in a negligence case arising from a slip and fall. The question presented is whether there was sufficient evidence of negligence on the part of the Infirmary or its employees to warrant submission of that issue to the jury.
Avis Ashcraft was a 71-year-old patient in the Infirmary’s psychiatric ward. In addition to Avis’s psychiatric problems, she also suffered from a number of physical problems, including heart disease and eye disease that' had required prior surgery. Following a day trip to Fort Condé, Avis’s feet were swollen and painful. Avis attempted to fill a pail with hot water in her bathroom so that she could soak her feet, but was unable to fit the pail in her bathroom’s shallow sink. She then took the pail to a deeper sink near the ward’s recreation room, filled it with hot water, and soaked her feet. Eventually, Avis told her nurse that she was ready to return to her room. She put on her tennis shoes, and her nurse picked up the pail and led Avis toward her room. Avis testified that, upon reaching her room, the nurse opened the door by pushing the pail against it. Avis said that she stepped from the carpeted hall and onto the tile floor of her room, slipped, fell, and broke her right arm.
Avis filed a complaint against the Infirmary, alleging negligence and wantonness, and her husband Melvin joined the complaint, asserting a claim for loss of consortium. At trial, both Avis and Melvin testi[1] fied. At the close of the plaintiffs’ evidence, the court granted the Infirmary’s motion for a directed verdict as to all *594 counts in the Ashcrafts’ complaint, and entered judgment accordingly. The Ash-crafts appeal, arguing that there was sufficient evidence of negligence on the part of the Infirmary to warrant submission of that issue to the jury [1] and that the trial judge erred by denying their motion to compel the Infirmary to produce a certain document concerning Avis’s accident (that document is referred to by the Ashcrafts as an “incident report” and by the Infirmary as a “quality assurance report”).
This action was filed after June 11, 1987; therefore, the “substantial evidence rule” is the appropriate standard for determining if the entry of a directed verdict in favor of the Infirmary was proper. Ala.Code 1975, § 12-21-12; Bailey v. Avera, 560 So.2d 1038, 1039 (Ala.1990). This Court, construing § 12-21-12, has stated that substantial evidence is “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” Thomas v. Principal Financial Group, 566 So.2d 735, 738 (Ala. 1990); West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
The fact in dispute is whether Avis’s nurse negligently spilled water or negligently failed to warn Avis of water on the floor, thereby causing Avis’s fall. The following testimony from Avis indicates that there was sufficient evidence supporting her allegation of negligence to constitute a jury question:
“A. She [Avis’s nurse] had the pan of water.
“Q. What was in the pan?
“A. The water that I used to soak my feet with.
“Q. Okay, and then what did you see then?
“A. Well, she disappeared into the room and I followed her and when I got there the door was open and she was almost to the lavatory, which is across the room, and—
“Q. The lavatory. You mean a bathroom in your room?
“A. Bathroom in the room.
“Q. Okay.
“A. And I looked down to see if any water had been spilled because I knew it was — how careful they always are about it, and I didn’t see any water and I looked at her going the other way and I thought, well, if she’d spilled it surely she would have told me and so I put my foot in the — inside the room and my foot slipped out from under me.
“Q. Was anybody in the area other than the nurse that was carrying the bucket that you recall?
“A. No, except the ones that were in the TV room.
“Q. Okay, what happened after you fell?
“A. I don’t know, but when I realized I was falling I knew my head was going to hit the side of the door facing and I put my hand up behind my head like this (demonstrating) to prevent brain injury and when my head hit my hand, my arm hit the wall and broke my arm and two places in my wrist.
“Q. Okay. When is the next time you saw the lady that was carrying the bucket after you fell? When did you see her after that?
“A. She was on the floor, back middle of the floor with a towel mopping up water.
“Q. Was she on her knees mopping the water up?

“A. Down on her knees mopping up water.

“Q. And where were you while she was doing that?
“A. I was standing outside the door.
“Q. How long did you stand outside the door?
“A. Well, a few minutes, few seconds. She told me not to come in.
“Q. Not to come in where?
“A. Into my room.
*595 “Q. So, they made you stand out in the hall?
“A. Yes.
“Q. How long were you out in the hall? “A. I don’t know, several minutes.
“Q. Did you ever squat down when you were in the hall; did you ever sit down? “A. I sat down.
“Q. You sat down on the floor?
“A. Yes, because she told me to stay there, not to go back in the room.”
(Emphasis added.)
This testimony created a triable issue of fact sufficient to defeat the Infirmary’s motion for directed verdict. Avis’s testimony that she saw her nurse mopping water and that she was prevented from reentering her room is sufficient to allow the jury to conclude that the nurse was negligent either in spilling the water or in failing to warn Avis of it, and that that negligence was the proximate cause of Avis’s injury. Therefore the trial judge’s entry of a directed verdict on the issue of negligence was error.
The Ashcrafts also argue that the trial judge erred by denying their motion to compel the Infirmary to produce the report they characterized as an “incident report” that was written by the Infirmary’s staff after Avis’s accident. The Infirmary contends that the report was a “quality assurance report” and is therefore not subject to discovery because of the provisions of Ala. Code 1975, § 22-21-8.
At the outset, we note that the Ash-crafts’ motion to compel was not filed until the day the trial began. Rule 37, Ala.R. Civ.P., governs motions for orders compelling discovery. Rule 37(a) requires that the party filing such a motion provide reasonable notice “to other parties and all persons affected thereby” of his intention to file a motion to compel. No reasonable notice was given to the Infirmary of the Ashcrafts’ plan to file their motion. In addition, the trial judge inspected the report in camera and assured the Ashcrafts that the report did not contain any information that they did not already possess. Because that document was not made a part of the record on appeal, this Court has no way of knowing what information it did contain and therefore no way of determining whether, for example, the document comes within the proper scope of § 22-21-8. When reviewing discovery orders, this Court will not reverse unless there is a clear showing that the trial judge abused his discretion in making his decision. Ex parte McTier, 414 So.2d 460 (Ala. 1982). No such showing has been made in this ease.
Because the court erred in directing a verdict for the Infirmary, the judgment is reversed and this cause is remanded for a new trial.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.

. The Ashcrafts do not take issue with the directed verdict as it relates to their allegation of wantonness.