ON APPLICATION FOR REHEARING
PER CURIAM.
The opinion of December 20, 1991, is withdrawn and the following opinion is substituted therefor.
The plaintiff, Ross R. Cotter, Jr., appeals from a judgment entered on a jury verdict in favor of the defendants, William J. Harris, Ruth Harris, and Martin-Colley Drug Company, Inc. (hereinafter “Martin-Col-ley”), in a judicial foreclosure action.
On February 22, 1977, William Harris, individually and as representative of Martin-Colley, entered into a stock sale agreement with Ross Cotter and Mary Helen Cotter, wherein Harris agreed to purchase 409 shares of Martin-Colley stock from the Cotters for $147,971.[1] In connection with the sale agreement, William Harris, individually and as representative of Martin-Col-ley, and Ruth Harris executed a promissory note in the amount of $127,500 and payable to Ross Cotter in monthly installments for 12 years at 8% interest, plus an amount based on the consumer price index for each year. The note was secured by a mortgage executed by William Harris, individually and as representative of Martin-Colley, and Ruth Harris.
On April 28, 1989, Ross Cotter filed a judicial foreclosure action against the Har-rises and Martin-Colley, alleging that the Harrises had failed to make the monthly installment payments pursuant to the promissory note and that, “as of February 2, 1989, [they were] in default in the amount of Eighty-Five Thousand, Nine Hundred Fifty-Five and 02/100 Dollars ($85,955.02), principal and interest.” The *881 defendants answered, denying the default allegation and alleging that the provision regarding the payment of an additional amount based on the annual consumer price index had been modified by mutual consent of the parties and that, as modified, the indebtedness had been paid in full. The defendants raised the affirmative defenses of waiver, equitable estoppel, statute of limitations, Statute of Frauds, fraud, laches, and accord and satisfaction.
At the close of his case, Cotter moved for a directed verdict, asserting that the written agreement made the basis of his claim could not be modified by a subsequent oral agreement and that any statements made by Cotter to William Harris did not constitute a waiver of Cotter’s claims against Ruth Harris; the trial court denied the motion. Cotter renewed the motion at the close of all the evidence; the motion was again denied, and the claims were submitted to the jury. The jury returned a verdict for the defendants, and Cotter moved for a judgment notwithstanding the verdict or, alternatively, a new trial. The trial court denied the motion, and Cotter appeals.
Cotter argues that the trial court erred in denying his motion for directed verdict because, he contends, the agreement made the basis of his claim is within the Statute of Frauds and, therefore, cannot be modified by an oral agreement. The standard of review applicable to a directed verdict in cases filed after June 11, 1987, was set out in Bailey v. Avera, 560 So.2d 1038, 1039 (Ala.1990), wherein this Court stated:
“[T]he standard of review applicable to a directed verdict would be whether the nonmoving party had presented substantial evidence in support of his position. If he had not, then a directed verdict would be proper.”
See Ala.Code 1975, § 12-21-12 (prescribing the “substantial evidence rule”).
Alabama’s Statute of Frauds states, in pertinent part:
“In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
“(1) Every agreement which, by its terms, is not to be performed within one year from the making thereof;
[[Image here]]
“(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except leases for a term not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller....”
Ala.Code 1975, § 8-9-2. In Cammorata v. Woodruff, 445 So.2d 867, 872 (Ala.1983), this Court stated:
“The general rule is that a contract required by the statute of frauds to be in writing cannot be modified by subsequent oral agreement. While the authorities are divided as to whether a written contract falling within the statute of frauds may be orally modified as to time of performance, it is generally agreed that if the oral modification is not just an extension of time, but goes to the substance of the contract, the modification is invalid.”
(Citation omitted.)
The record before us reveals that the written agreements that are the basis of Cotter’s claim are within the Statute of Frauds and that the alleged modification regarding the additional amount based on the annual consumer price index is a modification of a material element of the agreement. We conclude that the consumer price index provision cannot be altered by an oral agreement and that the trial court erred in denying Cotter’s motion for a directed verdict.
*882 Cotter raises several other issues; however, because of our disposition of the Statute of Frauds issue, we pretermit discussion of those other issues. The judgment of the trial court is reversed.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; REVERSED AND REMANDED.
MADDOX, ALMON, ADAMS, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., dissents.
STEAGALL, J., recused.

. Ruth Harris signed the agreement, but her name was not mentioned in the body of the agreement.