624 So.2d 555 (1993)
Janie WOFFORD and Kendall Wofford
v.
SAFEWAY INSURANCE COMPANY OF ALABAMA.
1920159.
Supreme Court of Alabama.
September 10, 1993.
*556 C.S. Chiepalich of C.S. Chiepalich, P.C., Mobile, for appellants.
Tom E. Ellis of Kracke, Thompson & Ellis, P.C., Birmingham, for appellee.
ALMON, Justice.
The defendants/counter-plaintiffs, Kendall and Janie Wofford, appeal from a judgment based on a directed verdict in favor of the plaintiff/counter-defendant, Safeway Insurance *557 Company of Alabama ("Safeway"), on the Woffords' counterclaim alleging fraud, negligent failure to procure insurance, and breach of contract. The issue is whether the trial court erred in holding that Ron Henry, who submitted the Woffords' insurance application to Safeway, was an independent agent, not an agent of Safeway.
In November 1989, Janie Wofford and her 19-year-old son Kendall went to the Monish Chevrolet-Oldsmobile dealership in Foley, Alabama, to purchase a truck for Kendall to take to his home in Atlanta, Georgia. William Wyatt, a Monish salesman, showed the Woffords a suitable truck, and they negotiated for the purchase of the truck. Because Kendall lacked a sufficient credit history to qualify for a loan for the purchase of the truck, the lender, GMAC, required both Mrs. Wofford and Kendall to sign the installment sale contract. The sale contract included a provision by which the purchasers agreed to maintain physical damage insurance on the truck.
Wyatt telephoned Ron Henry, the owner of Gulf Coast Insurance Underwriters, to procure the necessary insurance. Henry inquired with four different insurance carriers, and found that Safeway offered the lowest premiums. Henry then completed an application for insurance based on information provided to him by Wyatt and forwarded the application to Trigon, Inc., the managing general agent for Safeway. Wyatt testified that he told Henry that Kendall was to be the primary driver of the truck and that Kendall intended to take the truck to Atlanta. Henry denied being told these facts; he stated that the documents provided by Monish at the time of the sale indicated that the policy was to cover only Janie Wofford. In any event, only Janie Wofford's name was listed on the application submitted to Safeway. Safeway issued the policy and sent it to Henry, who in turn mailed it to Mrs. Wofford at her home in Mobile.
On December 19, 1989, Kendall Wofford was involved in an accident while driving the truck. The Woffords made a claim under the policy in connection with the accident, but Safeway denied coverage. Safeway then filed a declaratory judgment action in the circuit court, asking the court to declare that it had no liability under the policy because Kendall's name did not appear on the application and because the terms of the policy specifically excluded from coverage unlisted drivers under 25 years of age. The Woffords filed a counterclaim against Safeway and a third-party complaint against Monish, alleging fraud, negligent failure to procure an insurance contract, and breach of contract. The Woffords later amended their complaint to specifically allege that Henry was an agent of Safeway and as its agent had had actual knowledge that Kendall Wofford was to be the primary driver of the truck.
During the trial, the Woffords settled with Monish for $30,000. At the conclusion of all the evidence, the trial court directed a verdict in favor of Safeway on the Woffords' claims. It specifically held that Henry was not an agent of Safeway, but was a broker or an independent agent.
In reviewing a directed verdict, this Court must determine, after viewing the evidence in a light most favorable to the nonmoving party, if the moving party has demonstrated that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Danford v. Arnold, 582 So.2d 545, 546 (Ala.1991). If the moving party has carried this burden, we must then determine whether the nonmoving party has presented substantial evidence in support of its position. If the nonmoving party has failed to present substantial evidence, then a directed verdict is proper. Bailey v. Avera, 560 So.2d 1038 (Ala.1990); Ala.Code 1975, § 12-21-12. Substantial evidence is "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So.2d 870 (Ala.1989).
Safeway would be subject to tort liability for Henry's actions only if Henry is an agent of Safeway, but ordinarily would not be liable if he is a broker, or an independent *558 agent.[1]American States Insurance Co. v. C.F. Halstead Developers, Inc., 588 So.2d 870 (Ala.1991); Washington National Insurance Co. v. Strickland, 491 So.2d 872 (Ala.1985). The terms "agent" and "broker" in the context of property and casualty insurance are defined in Ala.Code 1975, § 27-7-1(a)(1) and (2):
"(1) Agent. A natural person appointed by an insurer to solicit and negotiate insurance contracts on its behalf, and if authorized to do so by the insurer, to effectuate, issue and countersign such contracts. An agent may not delegate the countersignature authority by appointing another individual as his attorney-in-fact.
"(2) Broker. A natural person who, on the behalf of the insured, for compensation as an independent contractor, for commission or fee and not being an agent of the insurer, solicits, negotiates or procures insurance or the renewal or continuance thereof, or in any manner aids therein, for insureds or prospective insureds other than himself. Brokers cannot bind the insurer and all business produced must be countersigned by a resident agent of the insurer accepting the risk."
Henry was not appointed by Safeway; that is, Safeway did not file with the commissioner of insurance a statement specifying the kinds of insurance Henry is authorized to transact for it. See Ala.Code 1975, §§ 27-7-8, 27-7-30. Washington National Insurance Co. v. Strickland, 491 So.2d 872 (Ala.1985). Even though Henry had not been formally appointed as an agent by Safeway, he still may be deemed an agent of Safeway if Safeway retained a sufficient right of control over the details of his work. American Pioneer Life Insurance Co. v. Sandlin, 470 So.2d 657 (Ala.1985).
The Woffords argue that Henry was an agent of Safeway under the latter test of agency; they rely primarily on Strickland, supra, to support this argument.
In Strickland, the plaintiff, Carol Strickland, met with Bruce Palmer to discuss medical insurance. Palmer described the policies of four different insurers, including Washington National. Strickland chose the Washington National policy, and she gave Palmer a check for the initial premium. Palmer assured Strickland at the meeting that her new policy was effective immediately; on this assurance, Strickland cancelled her existing medical insurance. However, Palmer did not submit the application until one week after the meeting, and Strickland had had an accident in the interim. Washington National then refused to issue the policy, claiming that Strickland was uninsurable because of her physical condition. Strickland brought a fraud action against Washington National, claiming that it was liable under the doctrine of respondeat superior for the misrepresentation of Strickland, claiming that Strickland was its agent.
Washington National argued that Palmer was only a broker or an independent agent and therefore that it was not liable; this Court rejected that argument. We held that, because there was evidence in the record that Palmer had been licensed as an agent of Washington National by the Alabama Department of Insurance, and because Washington National had supplied Palmer with applications, sales literature, and instructions, the jury could have reasonably inferred that Palmer was an agent.
The Woffords argue that this situation is similar to that in Strickland because, they say, Safeway controlled Henry's manner of performance by providing him with a "rule book" that described the prices of Safeway's policies, who Safeway would insure, and what types of vehicles Safeway would insure. The Woffords also note that Henry, like the agent in Strickland, investigated the policies of several insurers before selecting the Safeway policy.
*559 However, the determinative factor in Strickland was that Palmer had actually been appointed by Washington National to transact business on its behalf. Because an insurer is deemed by law to have a right of control over its agents, the insurer is liable for the torts of those agents committed within the scope of their employment. This was a sufficient basis to deem Palmer an agent of Washington National, and the Strickland Court mentioned the evidence that Palmer had received materials from Washington National only to underscore the right of control that was imputed to Washington National by law.
Here, it is undisputed that Henry has not been appointed by Safeway. In fact, Henry has no written contract with Safeway whatever. The existence of the guidelines in the "rule book" admittedly does provide some evidence that Safeway had a right to control Henry's actions. However, the "rule book" provides only general information as to the types and prices of Safeway products. Therefore, the rule book does not provide substantial evidence that Safeway exercised such control over Henry as to make him its agent. Cf. Standard Plan, Inc. v. Tucker, 582 So.2d 1024 (Ala.1991) (the existence of guidelines, coupled with the fact that the individual was appointed by the insurer, enough to support jury's finding that representative was an agent of the insurer); American States Insurance Co. v. C.F. Halstead Developers, Inc., 588 So.2d 870 (Ala. 1991) (fact that individual was appointed by the insurer and was licensed by the insurance commissioner sufficient to make him an agent of the insurer). In American Pioneer Life Insurance Co. v. Sandlin, supra, the defrauding individual was held to be an agent of American Pioneer even though he had not been licensed by that company, because of the evidence that American Pioneer exercised a substantial amount of control over his actions and the evidence that one or more of its officers participated with him in the fraud. In this case, the mere presence of Safeway's guidelines in Henry's office is not sufficient evidence of control to make Henry Safeway's agent. A contrary ruling would effectively destroy the legal significance of the broker or independent agent status, because a broker must be allowed to generally familiarize himself with the products and procedures of the insurer if he is to effectively solicit applications for his client, the prospective insured.
The Woffords also argue that Henry is made an agent of Safeway by operation of law. They cite Ala.Code 1975, § 27-7-34, and Regulation No. 58, promulgated by the commissioner of insurance pursuant to his rule-making authority under § 27-2-17. The regulation requires that, if an independent agent submits more than 10 applications per month to an accepting agent, such as Trigon, Inc., Safeway's managing general agent, the independent agent must be licensed by the company to which the applications are submitted. The Woffords argue that because Henry had submitted approximately 350-400 applications to Trigon between July 1989 and November 1989, Henry was required to be appointed by Safeway. This argument, however, was not presented to the trial court. It is a fundamental tenet of appellate review that the trial court cannot be put in error on the basis of matters that were not presented to it. Rodriguez-Ramos v. J. Thomas Williams, Jr., M.D., P.C., 580 So.2d 1326 (Ala.1991); Gotlieb v. Collat, 567 So.2d 1302 (Ala.1990). Safeway has filed a motion to strike the argument and the copy of Regulation 58 that is appended to the Woffords' brief. That motion is granted.
For the foregoing reasons, the motion to strike is granted and the judgment of the trial court is hereby affirmed.
MOTION GRANTED; AFFIRMED.
MADDOX, SHORES, KENNEDY and INGRAM, JJ., concur.
HOUSTON, J., concurs in part and dissents in part.
HOUSTON, Justice (concurring in part and dissenting in part).
I concur as to the claims alleging breach of contract and negligent failure to procure an insurance contract, based on the law of agency. Washington National Insurance Co. v. Strickland, 491 So.2d 872 (Ala.1985). I dissent as to the fraud claim, based on the doctrine of respondeat superior. Washington *560 National Insurance Co. v. Strickland, supra.
NOTES
[1] An insurer can be liable for the actions of a broker or independent agent if the insurer has conferred upon the broker/independent agent actual authority to make representations on its behalf. The insurer can also be liable under an apparent authority theory, if its actions invested the broker/independent agent with the appearance of authority so that a third party might reasonably rely on the broker/independent agent's representations. Washington National Insurance Co. v. Strickland, 491 So.2d 872 (Ala. 1991). Neither of these bases of liability is applicable to the present situation.