This appeal is from the summary denial of the petition for postconviction relief filed by the appellant, Dennis James Harris, pursuant to Rule 32, Ala.R.Crim.P. On December 1, 1998, the appellant was convicted of attempted murder and was sentenced to 15 years' imprisonment. He did not directly appeal his conviction, but rather filed the Rule 32 petition at issue in this appeal on November 12, 1999, arguing (1) that his guilty plea was not knowingly and voluntarily entered because, he says, the trial court failed to inform him of his constitutional rights and of the consequences of his plea, and (2) that newly discovered evidence exists requiring that his conviction and sentence be vacated. The circuit court summarily denied the appellant's petition on November 30, 1999, holding that the record reflected that the appellant had entered his plea knowingly and voluntarily, referring to an "Explanation of Rights" form signed by the appellant and a plea colloquy between the trial court and the appellant. The circuit court also held that the appellant had failed to prove the existence of newly discovered evidence.
The circuit court's determination that the appellant had failed to raise his newly discovered evidence claim was correct. The appellant appears to claim that the indictment, the complaint, the arrest report, and the waiver of rights form constitute newly discovered evidence because, he says, he first obtained them through a discovery request from the State. However, none of these documents satisfy the requirements of Rule 32.1(e), Ala.R.Crim.P., in that they do not present any new facts that are not cumulative to facts already known and that could have been discovered through reasonable diligence before the appellant pleaded guilty. The appellant also claims that he has recently discovered that his codefendants and the State entered into a "deal." However, under Rule 32.1(e)(3), Ala.R.Crim.P., such a discovery amounts only to impeachment evidence; it does not constitute newly discovered evidence.
This Court, however, cannot determine from the record whether the appellant entered his guilty plea knowingly and voluntarily. The record contains no transcript of the plea colloquy or the "Explanation of Rights" form referred to by the circuit court. There is a "Waiver of Rights by Individual in Custody" form in the record. However, while this document reflects that the appellant understood the rights he was waiving when he agreed to make a statement to police shortly after being arrested, it does not reflect that the appellant understood the rights he was waiving when he pleaded guilty. Pursuant to Boykin v. Alabama,395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and *Page 258 
Rule 14.4, Ala.R.Crim.P., the trial court, in accepting a guilty plea, is required to inform the defendant of, and to determine that the defendant understands the nature of, the charge against him, the minimum and maximum possible penalties, the constitutional rights the defendant is waiving by pleading guilty, and the fact that his plea has not been coerced by threats or by other improper inducements. Although it is not a jurisdictional defect, the failure to inform a defendant of these rights and of the consequences of pleading guilty may be raised in a timely filed Rule 32 petition. Cantu v. State, 660 So.2d 1026, 1029 (Ala. 1994). The appellant's petition was timely filed and raises a material issue of fact regarding the voluntariness of his guilty plea.
Because neither the plea colloquy nor the "Explanation of Rights" form is reflected in the record, this case is due to be remanded to the circuit court with instructions to determine whether the requirements of Boykin and Rule 14.4 have been met.
If the circuit judge has personal knowledge that the appellant's allegations are not meritorious, he may forgo an evidentiary hearing so long as he states that he has personal knowledge that each and every right pursuant to Boykin and Rule 14.4 was explained to the appellant and that the appellant indicated, either in a plea colloquy or an "Explanation of Rights" form, that he understood the consequences of his plea, including the rights he was waiving by pleading guilty. See Sheats v. State,556 So.2d 1094 (Ala.Cr.App. 1989). Contrary to the circuit court's order denying the appellant's petition, the record does not reflect that any plea colloquy took place between the trial court and the appellant or that the appellant signed an "Explanation of Rights" form concerning the rights he was waiving by pleading guilty. If the circuit judge's personal knowledge of the entry guilty plea is insufficient, then he is directed to hold an evidentiary hearing and to make findings of fact in compliance with Rule 32.9, Ala.R.Crim.P. Due return shall be made to this Court within 49 days from the release of this opinion.
REMANDED WITH INSTRUCTIONS.
Long, P.J., and Cobb, Baschab, and Fry, JJ., concur.