Clemmie J. Neal appeals the circuit court's dismissal of his petition for a writ of habeas corpus. The petition claimed that he was denied due process of law when he was reclassified as a "heinous offender" by the Department of Corrections and removed from work release. The trial court denied the habeas corpus petition. On appeal, Neal argues that his removal from the work-release program deprived him of a liberty interest; that the trial court erred in charging him a filing fee; and that the trial court erred when it ordered the Department of Corrections to withhold 25% of his funds to pay the filing fee. Under the authority of Ex parte Berry, 794 So.2d 307 (Ala. 2000), we reverse the judgment and remand the case.
After appearing before a reclassification committee, Berry was informed that his work-release status was being revoked and that he was being reclassified as a "heinous offender" because of new classification criteria. The Alabama Supreme Court stated that the language in the Classification Manual released by the Department of Corrections prevents the Department of Corrections from "arbitrarily removing an inmate from the work-release program," and "creates a liberty interest in an inmate's continued participation in the work-release program." Ex parte Berry, 794 So.2d at 309. The Department of Corrections' Classification Manual creates a liberty interest by requiring a due-process hearing before an inmate is removed from full work-release status. Id.[1]
In the present case, Neal also alleged that he was removed from work release and reclassified as a "heinous offender" without the benefit of a due-process hearing. Neal's work-release status was revoked on June 20, 1996, after he appeared before a reclassification committee. The committee's report stated only that Neal was being reclassified and his eligibility for work release was being changed because of a Commissioner's directive of May 8, 1996. The record does not reflect that *Page 588 
Neal was afforded any due-process protections at the reclassification hearing.
Based on Ex parte Berry, we hold that the circuit court erred in summarily dismissing Neal's petition for a writ of habeas corpus. We reverse the judgment and remand this case to the trial court with instructions that it enter an order vacating Neal's removal from work release.
Neal has also argued that the circuit court improperly ordered the Department of Corrections to withhold 25% of the deposits to his prison account until the court costs were paid in this case, and that the costs of $187 assessed by the circuit court was an error because § 12-19-71
provides for a docket fee of only $140. Although we are reversing on another issue, we address these issues because they are likely to arise on remand.
Initially, we note that Neal is raising these issues for the first time on appeal and he has not preserved them for review. The general rules of preservation require that an issue first be presented to the trial court so that that court may have the opportunity to correct any mistakes that may have occurred. "`[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof. . . . An issue raised for the first time on appeal is not correctly before this court.'" McKinneyv. State, 654 So.2d 95, 101 (Ala.Crim.App. 1995) (quoting Buice v.State, 574 So.2d 55, 57 (Ala.Crim.App. 1990)). See Also Parker v. State,687 So.2d 1279, 1280 (Ala.Crim.App. 1996) (claims raised for the first time on appeal of the denial of a petition for a writ of habeas corpus are not preserved for appellate review).
Moreover, docket fees can be waived for indigent petitioners because of the processes that allow an indigent inmate to repay those costs. "The docket fee may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship. A verified statement of substantial hardship, signed by the plaintiff and approved by the court, shall be filed with the clerk of court." § 12-19-70(b), Ala. Code 1975. Therefore, Neal's argument regarding the taxing of the filing fees at the conclusion of his case is without merit.
Likewise, Neal's contention that he was assessed an incorrect fee of $187 is also without merit. While § 12-19-71, Ala. Code 1975, does provide for a docket fee of $140, separate county costs that increase the amount of the costs taxed at the end of a habeas-corpus claim are imposed when a petitioner has been granted indigent status. Various costs for the county law library, the county treasury, and the juvenile court services board were assessed as costs in this case. These costs have been added through separate legislative acts. The law library fee was added pursuant to Act No. 79-751, Ala. Acts 1979; the juvenile court services fund fee through Act No. 93-564, Ala. Acts 1993; and the county treasury fee through Act No. 99-530, Ala. Acts 1999. Therefore, Neal's argument regarding the filing fee is also without merit.
For the foregoing reasons, we reverse the judgment and remand this case to the trial court with instructions that it enter an order vacating Neal's removal from work release. "The Double Jeopardy Clause does not apply to actions that are not `essentially criminal'. . . . Nor does it apply to disciplinary, parole, probation, or bond revocation hearings, because they are administrative proceedings." Coleman v. State,642 So.2d 532, 534 (Ala.Crim.App. 1994) (quoting Project: *Page 589 
Twenty-Second Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1991-1992, 81 Geo.L.J. 1029, 1221 (1993)). Therefore, the vacating of the order removing Neal from work release does not prohibit the Department of Corrections from bringing a new proceeding against him to remove him from the work-release program. Any new proceeding should afford Neal the necessary due-process guarantees.
REVERSED AND REMANDED.
McMillan, P.J., and Shaw, J., concur; Wise, J., concurs specially, with opinion, which Baschab, J., joins.
[1] According to Neal, On November 9, 1994, the Department of Corrections' Classification Manual, Chapter 1, Sec. 4 stated:
 "No due process hearing is required for transfers among institutions other than removal from full work release status including free world employment."
(C.R. 19.) The State did not refute Neal's contention.