WISE, Judge.
Geoffrey Richard Bostwick, currently an inmate at Fountain Correctional Facility, appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus. In his petition Bostwick claimed that he was denied due process of law when he was reclassified as a “heinous offender” by the Department of Corrections (“DOC”) and removed from the work-release program. The trial court dismissed Bo-stwick’s petition. This appeal followed.
On appeal, Bostwick argues that his removal from the work-release program deprived him of a liberty interest. Therefore, he contends, he was entitled to a due-process hearing and the protections afforded by Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), as provided by the Department of Corrections’ classification manual, before DOC could revoke his work-release status. Upon the authority of Ex parte Berry, 794 So.2d 307 (Ala.2000), we reverse the judgment and remand the case.
Bostwick alleged that he was removed from work release on February 12, 1999, and reclassified as a “heinous offender” without the benefit of a due-process hearing. Bostwick’s work-release status was revoked on March 26, 1999, after he appeared before a reclassification committee. The committee’s report stated that Bo-stwick was being reclassified and his eligibility for work-release was being changed because of a directive issued by the prison commissioner on May 8, 1996. Although the record reflects that Bostwick had been afforded some due-process protections at the reclassification hearing, it does not reflect that he received all of the protections mandated by Wolff v. McDonnell. See 418 U.S. at 563-67, 94 S.Ct. 2963.
This Court is bound by the decisions of the Alabama Supreme Court, see § 12-3-16, Ala.Code 1975, and “is without authority to overrule the decisions of that court.” Jones v. City of Huntsville, 288 Ala. 242, 244, 259 So.2d 288, 290 (1972). Therefore, based on Ex parte Berry, we hold that the circuit court erred in sum *70 marily dismissing Bostwick’s petition for a writ of habeas corpus. We reverse the judgment and remand this case to the circuit court with instructions that it enter an order vacating Bostwick’s removal from the work-release program. However, for the reasons set out in the special concurrence in Neal v. State, 803 So.2d 586 (Ala.Crim.App.2001) (Wise, J., concurring specially), we urge the Supreme Court to revisit its holding in Ex parte Berry, and return to the well-established principle that inmates of Alabama’s prison system do not have a liberty interest in their custody classification, or in remaining on work release. See Handley v. State, 549 So.2d 630, 631 (Ala.Crim.App.1989) (custody classification); Dukes v. State, 576 So.2d 683, 684 (Ala.Crim.App.1991) (work release).
Although we must reverse the circuit court’s order dismissing Bostwick’s habeas corpus petition and his removal from work release must be vacated, nothing prevents the Department of Corrections from bringing a new proceeding against him to remove him from the work-release program. “The Double Jeopardy Clause does not apply to actions that are not ‘essentially criminal.’ ... Nor does it apply to disciplinary, parole, probation, or bond revocation hearings, because they are administrative proceedings.” Coleman v. State, 642 So.2d 532, 534 (Ala.Crim.App.1994) (quoting Project: Twenty Second Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1991-1992, 81 Geo.L.J. 1029, 1221 (1993)). See also Neal v. State, 803 So.2d at 589. However, any new proceeding should afford Bostwiek the necessary due-process guarantees mandated by Wolff v. McDonnell.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and BASCHAB, JJ„ concur. SHAW, J., concurs in the result.