On Application for Rehearing
The unpublished memorandum issued April 19, 2002, is withdrawn and the following opinion is substituted therefor.
Grady Maynard Fincher appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 1996 guilty-plea conviction for trafficking in illegal drugs and his resulting sentence, as a habitual felony offender, of life imprisonment without the possibility of parole. This Court affirmed Fincher's conviction and sentence on direct appeal, in an unpublished memorandum issued on January 17, 1997. See Fincher v. State, (No. CR-95-1243) 706 So.2d 863 (Ala.Crim.App. 1997) (table). The Alabama Supreme Court denied certiorari review and this Court issued a certificate of judgment on June 2, 1997. On September 16, 1997, Fincher filed his first Rule 32 petition, alleging that he was improperly sentenced as a habitual felony offender. The circuit court summarily denied that petition, and this Court affirmed the denial on appeal. SeeFincher v. State, 724 So.2d 87 (Ala.Crim.App. 1998).
On July 9, 2001, Fincher filed his second Rule 32 petition — the petition that is the subject of this appeal. After receiving a response from the State, the circuit court summarily denied the petition.
In his petition, and again on appeal, Fincher alleges that his guilty plea was involuntary and that the trial court lacked jurisdiction to sentence him to life imprisonment without parole because, he says, the plea and the sentence were based on a plea agreement with the State that was "statutorily impossible" for the State to comply with. According to Fincher, the *Page 878 
plea agreement provided that he would plead guilty to trafficking in illegal drugs, a Class A felony, which, at the time, required a mandatory sentence of life imprisonment without the possibility of parole because Fincher had three or more prior felony convictions, see §13A-5-9(c)(3), Ala. Code 1975, but that if he rendered substantial assistance to police between his plea and the sentencing hearing (which was postponed for several months), he would be given a reduced sentence of life imprisonment, as opposed to life imprisonment without parole. Fincher maintains that the State could not comply with this agreement because the Habitual Felony Offender Act required that he be sentenced to life imprisonment without parole, and the State did not have the power to reduce his sentence even though, he says, he fulfilled his part of the agreement by rendering substantial assistance to the police.
Although Fincher attempts to couch his claim in jurisdictional terms, it is not truly a jurisdictional claim; rather, it is a claim that his guilty plea was involuntary. Claims relating to the voluntariness of guilty pleas are not jurisdictional and, therefore, are subject to the procedural bars of Rule 32.2, Ala.R.Crim.P. See, e.g., Harris v. State,778 So.2d 256 (Ala.Crim.App. 2000). Fincher's claim is time-barred by Rule 32.2(c) because his petition was filed over two years after the certificate of judgment finalizing his conviction was issued. In addition, this claim is barred by Rules 32.2(a)(2) and (a)(4) because it was raised and addressed both at trial and on direct appeal. In our memorandum affirming Fincher's conviction and sentence on direct appeal, this Court stated the following regarding this same claim:
 "The appellant contends that the trial court erred in not allowing him to withdraw his guilty plea because, he says, he entered into an oral plea agreement with the district attorney that was `statutorily impossible' for the district attorney to fulfill.
 "The appellant's argument in this regard may be summarized as follows:
 "A. When the appellant [pleaded] guilty to trafficking in illegal drugs, the provisions of § 13A-5-9, Ala. Code 1975, mandated that he be sentenced to life [imprisonment] without parole because he had three or more prior felony convictions;
 "B. The appellant [pleaded] guilty to trafficking pursuant to an agreement with the district attorney, which provided that if the appellant rendered substantial assistance to law enforcement in drug cases, the district attorney would recommend to the trial court before any sentencing was passed that the appellant be allowed to withdraw his guilty plea to trafficking and then enter a guilty plea to the lesser included offense of distribution, a Class B felony, for which the appellant would then receive a sentence of life imprisonment (with the possibility of parole);
 "C. Section 13A-12-232(b), Ala. Code 1975, provides that a person convicted of drug trafficking may, upon motion of the prosecutor, have his sentence reduced or suspended if the trial court finds that the defendant rendered substantial assistance to law enforcement in the arrest or conviction of any of his accomplices, accessories, coconspirators, or principals, except where the sentence is life imprisonment without parole;
 "D. Therefore, the appellant's plea of guilty to trafficking was induced by a promise from the district attorney that was statutorily impossible (under § 13A-12-232(b)) for the district *Page 879 
 attorney to fulfill, because the appellant's mandatory sentence for trafficking would be life without parole under the habitual felony offender act;
 "E. Accordingly, because the district attorney could not perform his part of the bargain, the appellant was not obligated to perform his own part of the bargain, and, therefore, he should be allowed to withdraw his guilty plea and have further proceedings in the trial court.
 "We disagree with the appellant's argument. The appellant's guilty plea was conditional, and he was not sentenced to life [imprisonment] without parole upon that plea until he failed to fulfill that condition. The record reflects that the trial court was fully aware of the terms of the plea agreement when accepting the appellant's guilty plea. The record also shows that the trial court continued the appellant's sentencing for [90] days to allow the appellant an opportunity to provide the assistance to law enforcement. At the time of the appellant's initial sentencing hearing, [90] days later, the appellant was unable to obtain a favorable recommendation from the district attorney, and all the parties agreed to give the appellant an additional two months to provide assistance to law enforcement. At the later sentencing hearing, the district attorney again refused to make a recommendation to the trial court, arguing to the court that the appellant had still not provided substantial assistance to law enforcement. The trial court then sentenced the appellant to life without parole for trafficking.
 "If, however, the appellant had fulfilled the terms of his agreement to render substantial assistance to law enforcement in the drug cases, the district attorney would have been legally obligated to recommend at the sentencing hearing that the appellant be allowed to withdraw his guilty plea to trafficking and to enter a guilty plea to distribution. The trial court would have been required, moreover, either to accept the district attorney's recommendation in this regard or to allow the appellant to withdraw his guilty plea to trafficking. Thus, if the appellant had fulfilled the terms of the plea agreement, he could not have been sentenced to life [imprisonment] without parole upon his original guilty plea and, in fact, would not have remained convicted of trafficking, because, under the terms of the agreement, he would have been allowed to withdraw his guilty plea to trafficking. Accordingly, it is apparent that the district attorney never promised the appellant something that was proscribed by § 13A-12-232(b), i.e., he never promised the appellant that he could plead guilty to and be convicted of trafficking and thereupon be sentenced as a habitual felon to life without parole and then have this sentence reduced or suspended because he assisted law enforcement.
 "The question . . . whether or not the appellant had fulfilled his obligations under the plea agreement was a matter within the trial court's discretion. Sides v. State, 575 So.2d 1232 (Ala.Cr.App. 1991). The appellant does not, on appeal, appear to argue seriously that he did meet his obligation to assist law enforcement. Once the trial court determined that the appellant had not fulfilled his part of the agreement, the district attorney was not required to make the recommendation that the appellant be allowed to withdraw his guilty plea to trafficking and to enter a guilty plea to distribution. Kresler v. State, 462 So.2d 785 (Ala.Cr.App. 1984).
 "The law in Alabama is clear that whether a defendant should be allowed to withdraw a plea of guilty is a matter *Page 880 
 solely within the discretion of the trial court, whose decision will not be disturbed on appeal absent a showing of abuse of discretion. Doty v. State, 647 So.2d 41 (Ala.Crim.App. 1994). See also Rule 14.4(e), Ala.R.Crim.P. (trial court may allow defendant to withdraw plea if necessary to avoid manifest injustice). The trial court acted within its sound discretion in denying the appellant's motion to withdraw his guilty plea and for a new trial."
(Some emphasis added; some emphasis original.) Even if this claim were not barred (and we hold that it is), it is clearly meritless, as this Court has already determined. Therefore, the circuit court properly denied Fincher's petition.
We note that Fincher also contends for the first time on appeal that the circuit court erred in ordering, at the conclusion of the Rule 32 proceedings, that he pay the filing fee for his Rule 32 petition. Because Fincher did not present this claim to the circuit court, it was not properly preserved for review. See, e.g., Nealv. State, 803 So.2d 586 (Ala.Crim.App. 2001). Moreover, even if this issue were preserved for review, it is meritless. Fincher raised this same claim on appeal from the denial of his first Rule 32 petition, and this Court stated:
 "Fincher contends that the trial court erred in ordering, at the conclusion of the proceedings, that he pay the filing fee for his Rule 32 petition. There is no merit to this contention. Section 12-19-70(b), Code of Alabama 1975, provides that, as was done in the present case, the docket fee of an indigent petitioner may be waived initially and then taxed as costs at the conclusion of the case. See, Cofield v. State, 682 So.2d 493 (Ala.Cr.App. 1996)."
Fincher, 724 So.2d at 90. The circuit court did not err in ordering Fincher to pay the filing fee at the conclusion of the proceedings.
Fincher also contends for the first time on appeal that his sentence of life imprisonment without parole, as a habitual felony offender, was illegal under Ex parte Casey, [Ms. 1001555, February 22, 2002] ___ So.2d ___ (Ala. 2002), because, he says, "[t]he 6 or 7 priors used for enhancement were pardoned crimes." (Fincher's reply brief at p. 6.) In his brief on rehearing, Fincher alleges that his prior convictions were pardoned in 1992, four years before they were used to enhance his sentence.[1] In Ex parte Casey, the Alabama Supreme Court held that "pardoned convictions cannot be used to enhance [a] sentence under the Habitual Felony Offender Act." ___ So.2d at ___. In that case, Casey's sentence for his 1981 conviction for robbery had been enhanced pursuant to the Habitual Felony Offender Act using six prior felony convictions, all of which had been pardoned in 1974, before they were used for enhancement, and the Supreme Court held that Casey was entitled to be resentenced without the use of the pardoned convictions.
Unlike Ex parte Casey, however — where Casey raised the claim in his Rule 32 petition and the circuit court denied the claim on its merits so that there were facts in the record indicating that Casey's prior convictions had been pardoned and that the trial court lacked jurisdiction to sentence Casey as a habitual offender using those pardoned convictions — there is nothing in the record before this Court in this case that suggests *Page 881 
that the prior convictions used to enhance Fincher's sentence were pardoned and that, therefore, the trial court lacked jurisdiction to sentence Fincher as a habitual felony offender.[2] All we have before us is Fincher's allegations in his briefs to this Court (allegations that were not included in Fincher's Rule 32 petition) and an attachment to Fincher's brief on rehearing that Fincher alleges is the pardon he received on his convictions. However, "[t]his court is bound by th[e] record and not by allegations in brief as to circumstances not reflected by the appellate record." A.K. v. State, 562 So.2d 609, 613
(Ala.Crim.App. 1989). Moreover, "attachments to briefs are not considered part of the record and therefore cannot be considered on appeal." Huff v.State, 596 So.2d 16, 19 (Ala.Crim.App. 1991).
Although we recognize that jurisdictional issues can be raised at any time, see Nunn v. Baker, 518 So.2d 711 (Ala. 1987), we likewise recognize that:
 "`A court of general jurisdiction proceeding within the scope of its powers will be presumed to have jurisdiction to give the judgments and decrees it renders until the contrary appears. So, a court of general jurisdiction is presumed to have acted within its powers, and the burden is on the accused affirmatively to show that it had no jurisdiction, unless facts showing want of jurisdiction affirmatively appear on the record.'
 "22 C.J.S. Criminal Law § 174 (1989). `[A] court conducting a criminal proceeding is presumed to have jurisdiction, whether or not there are recitals in its record to show it.' 22A C.J.S. Criminal Law § 702 (1989)."
Willingham v. State, 796 So.2d 440, 443 (Ala.Crim.App. 2001) (emphasis added).
No facts appear in the record that indicate that the trial court lacked jurisdiction to sentence Fincher as a habitual offender, and because Fincher did not include this claim in his Rule 32 petition, Fincher has obviously failed to affirmatively show such a lack of jurisdiction. This Court will not remand a case to the circuit court to hold an evidentiary hearing on a jurisdictional claim that was not presented in the petitioner's Rule 32 petition unless facts appear in the record affirmatively showing a lack of jurisdiction. Of course, because *Page 882 
this claim is jurisdictional in nature, Fincher may file another Rule 32 petition raising this claim; the claim will not be subject to the procedural bars in Rule 32.2, Ala.R.Crim.P.; if pleaded properly, Fincher would be entitled to have an opportunity to present evidence to prove the claim. See Rule 32.3, Ala.R.Crim.P., and Ford v. State, 831 So.2d 641
(Ala.Crim.App. 2001). Therefore, Fincher is not without a remedy.
Based on the foregoing, the judgment of the circuit court summarily denying Fincher's Rule 32 petition is affirmed.
UNPUBLISHED MEMORANDUM OF APRIL 19, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; AFFIRMED.
McMillan, P.J., and Cobb, Baschab, and Wise, JJ., concur.
[1] Fincher's allegation regarding when he allegedly received the pardons is raised for the first time on rehearing; he did not allege in his original brief on appeal, or in his reply brief, when he had allegedly received the pardons.
[2] Because Fincher did not include this claim in his petition, but instead, raised it for the first time on appeal, there are no facts in the record indicating that the prior convictions used to enhance Fincher's sentence were, in fact, pardoned before they were used for enhancement. If the prior convictions were pardoned before they were used to enhance Fincher's present sentence, then Fincher's sentence would be illegal, and the Supreme Court's holding in Ex parte Casey would entitle Fincher to be resentenced. However, if those prior convictions were still intact at the time they were used to enhance Fincher's life-imprisonment-without-parole sentence, i.e., the pardons were not received until after the prior convictions were used to enhance Fincher's sentence, then Fincher would not be entitled to be resentenced because the convictions would have been properly used. Although, under Ex parteCasey, a pardoned conviction cannot be used to enhance a sentence because a pardon blots out the existence of guilt, a pardon does not apply retroactively to remove the penalties that have already been suffered as a result of that conviction. See, e.g., State ex. rel. Sokira v. Burr,580 So.2d 1340, 1342 (Ala. 1991), quoting Ex parte Garland, 71 U.S. (4 Wall.) 333, 380-81 (1866) (noting that although a pardon "`releases the punishment and blots out of existence the guilt . . . [I]t does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment.'"). Because Fincher failed to include this claim in his petition and failed to allege facts in the petition indicating that he received the pardon before the prior convictions were used for enhancement, there are no facts before this Court affirmatively showing a jurisdictional defect in Fincher's sentencing.