WISE, Judge,
dissenting.
I dissent from Part I of the majority’s opinion. In Ex parte Berry, 794 So.2d 307 (Ala.2000), just as in this case, DOC removed the inmate from work release before conducting a due-process hearing. In my opinion, the facts of this case are indistinguishable from those in Ex parte Berry, despite the majority’s attempt to categorize Thomas’s pre-hearing removal from *372 work release as “temporary.” At the time Thomas was removed from work release, it was readily apparent that he would be reclassified as a heinous offender and thus ineligible for work-release status. Therefore, I dissent from the majority’s affir-mance of the circuit court’s denial of Thomas’s petition.
My dissent in this case, however, should not be interpreted to mean that I agree with the Supreme Court’s holding in Ex parte Berry. Indeed, as I have written on several occasions, I do not believe that inmates such as Berry and Thomas have a protected liberty interest in remaining on work release; thus, removal from work release does not trigger the due-process requirements established in Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). See my special writing in Neal v. State, 803 So.2d 586 (Ala.Crim.App.2001) (Wise, J., concurring specially), urging the Supreme Court to revisit its holding in Ex parte Berry.