Jackie Lynn Morrow failed to ask the trial court to conduct an in camera inspection and thereby failed to obtain an adverse ruling and failed to preserve the issue for appellate review. I therefore respectfully dissent.
As the quotation from the record in the majority opinion demonstrates, Morrow's counsel asked the trial court only to order the prosecutor to turn Couch's inculpatory statements over to the defense. However, unless the statements are exculpatory, the law forbids the trial court from doing so. See Rule 16.1(c)(1), Ala. R.Crim. P. ("the defendant shall not be permitted to . . . inspect . . . statements made by state/municipality witnesses or prospective state/municipality witnesses"); Acklin v. State, 790 So.2d 975, 1001
(Ala.Crim.App. 2000) ("`We know of no case requiring the prosecution to provide a criminal defendant with inculpatory substantive testimony of its witnesses. Rather, if the statements are not exculpatory, the statements of prospective witnesses need not be produced by the State.'" (quoting Gowens v. State,639 So.2d 524, 526 (Ala.Crim.App. 1993))). On appeal, Morrow does not argue that the trial court erred in failing to deliver Couch's statements to the defense. Instead, Morrow claims that the trial court erred in not conducting an in camera inspection of the statements. However, Morrow never asked the trial court during trial to conduct such an examination.
"`"[T]o preserve an issue for appellate review, it must be presented to the trial court by a timely and specific motion setting out the specific grounds in support thereof. . . ."'McKinney v. State, 654 So.2d 95, 101 (Ala.Crim.App. 1995) (quoting Buice v. State, 574 So.2d 55, 57 (Ala.Crim.App. 1990))." Neal v. State, 803 So.2d 586, 588 (Ala.Crim.App. 2001). If a party does not raise an issue in the trial court and does not preserve the issue for review, then this Court may not consider it. Wofford v. Safeway Ins. Co. of Alabama,624 So.2d 555, 559 (Ala. 1993) ("It is a fundamental tenet of appellate review that the trial court cannot be put in error on the basis of matters that were not presented to it."); State of Alabama exrel. Ohio v. E.B.M., 718 So.2d 669, 671 (Ala. 1998) ("Appellate courts will not consider an issue that was not properly raised or pleaded in the trial court."); Tillis Trucking Co. v. Moses,748 So.2d 874, 882 (Ala. 1999) ("`This Court will not hold a trial court to be in error unless that court has been apprised of its alleged error and has been given the opportunity to act thereon.'" (quoting Sea Calm Shipping Co., S.A. v. Cooks,565 So.2d 212, 216 (Ala. 1990))). Because Morrow did not ask the trial court to conduct an in camera inspection, the trial court was never given a chance to rule on the issue and Morrow has failed to preserve the issue for appellate review.
The majority, although tacitly admitting that Morrow did not request an in camera inspection, makes the novel ruling that this Court should nonetheless review the issue because the State "understood that Morrow had requested that the trial court conduct an in camera review."[8] *Page 547 915 So.2d at 542. I find this unconvincing, especially in light of the fact that these assertions directly conflict with the record. Indeed, the State's curious statement that Morrow did request an in camera inspection cannot be used to impeach the record:[9]
 "[This Court is] not permitted to consider matters `dehors the record.' Cooper v. Adams, 295 Ala. 58, 61, 322 So.2d 706, 708 (1975). This rule may be restated as follows: `(1) Argument in brief reciting matters not disclosed by the record cannot be considered on appeal. (2) The record cannot be impeached on appeal by statements in brief, by affidavits, or by other evidence not appearing in the record.' Id."
Etherton v. City of Homewood, 700 So.2d 1374, 1378 (Ala. 1997) (emphasis added). See Ex parte Awtrey Realty Co.,827 So.2d 104, 106 n. 1 (Ala. 2001) ("`"[T]his Court is limited to a review of the record alone, and therefore the record cannot be changed,altered, or varied on appeal by statements in briefs ofcounsel."'" (emphasis added; quoting Hail v. Regency TerraceOwners Ass'n, 782 So.2d 1271, 1277 (Ala. 1999), quoting in turnGotlieb v. Collat, 567 So.2d 1302, 1304 (Ala. 1990))); see alsoZaden v. Elkus, 881 So.2d 993, 1007-08 (Ala. 2003) ("`[T]his Court is limited to a review of the record alone, that is, it can consider only the evidence that was before the trial court when it made its ruling.'" (quoting Cowen v. M.S. Enters., Inc.,642 So.2d 453, 454-55 (Ala. 1994))). The State's assertion in its brief (and Morrow's purported "implicit assertion") that Morrow's counsel requested an in camera inspection cannot alter the record. Morrow never requested an in camera inspection, and the trial court was never given the opportunity to rule on the request; thus, we cannot consider this issue on appeal.[10]
The requirement that a defendant give a trial court an opportunity to rule on the issue is critical in a case like this one. As the transcript shows, Morrow's counsel asked for Couch's inculpatory statements for the purpose of determining whether the statements contained evidence that could be used to impeach Couch. Of course, the State is not required to hand over to the defense such statements, but, under Ex parte Key,890 So.2d 1056 (Ala. 2003), the trial court may inspect the statements in camera to determine if the statements contain impeachment evidence. If Morrow's counsel had asked the trial court for an in camera inspection, the trial court could have made such an examination during the recess that followed Couch's initial examination on the stand, and, if the statements contained testimony admissible for impeachment purposes, the trial court could have allowed Morrow to examine the statements and then use them when Couch was later called to the stand to continue her testimony. A request for an in camera inspection to determine if the statements *Page 548 
contained testimony available for impeachment comes too late if the trial is completed, a verdict has been rendered, and an appeal is already taken. Nothing barred Morrow from requesting an in camera inspection; however, a request for such an inspection after trial simply comes too late.
Finally, I respectfully dissent from the majority's holding that, because the State labors under the mistaken impression that Morrow requested an in camera inspection, Morrow was not put on notice that he had failed to preserve the issue and due process requires that the issue of preservation be ignored. It is Morrow's burden to demonstrate that the trial court and the Court of Criminal Appeals erred and that a reversal is warranted. In order for this Court to consider an issue on appeal, the issue must be "properly raised or pleaded in the trial court." Stateof Alabama ex rel. Ohio, 718 So.2d at 671. Neither Morrow's petition, his brief, nor the record demonstrates that the issue was raised or preserved.[11] Thus, considering Morrow's arguments and the record, I would conclude that Morrow has not met his burden on appeal. The State's subsequent erroneous assertion, made after Morrow filed his petition for certiorari review and brief, does not negate Morrow's initial burden of demonstrating that the trial court was apprised of its alleged error and was given the opportunity to correct it, if necessary. See Tillis Trucking Co., 748 So.2d at 882.
As this Court has noted, "`"[T]here is something unseemly about telling a lower court it was wrong when it never was presented with the opportunity to be right."'" Ex parte Elba Gen. Hosp. Nursing Home, Inc., 828 So.2d 308, 314 (Ala. 2001) (emphasis omitted; quoting Justice Maddox's special writing in Cantu v.State, 660 So.2d 1026, 1031-32 (Ala. 1994) (Maddox, J., concurring in part and dissenting in part), quoting in turnState v. Applegate, 39 Or.App. 17, 21, 591 P.2d 371, 373
(1979)). Because Morrow never requested an in camera inspection, the trial court should not be held in error for failing to conduct one.
[8] I disagree with the majority's statement that it is "clear" that Morrow understood that he had requested an in camera inspection, especially in light of the fact that the record shows that he did not. It is notable that Morrow does not state in either his petition for certiorari review or his brief that he asked during trial for an in camera inspection; in fact, Morrow states in the statement of facts in his petition that he asked the State only to "produce" Couch's statements. Morrow conspicuously fails to say that he requested an in camera inspection, thus requiring the majority to construct from Morrow's brief an "implicit assertion" that he in fact asked for such an inspection. This implicit assertion, of course, contradicts the record. I do note that Morrow only once claimed that he in fact requested an in camera inspection: during a postconviction hearing at which Morrow's newly hired posttrial counsel appeared. Morrow otherwise never states that he requested an in camera inspection.
[9] The State cited to pages from the reporter's transcript as the source of its assertion that Morrow asked for an in camera inspection. That portion of the transcript, quoted in the majority opinion, clearly demonstrates that Morrow did not ask for an in camera inspection. Because the State's source does not support its assertion, and indeed contradicts it, I do not believe its assertion is correct.
[10] The Court of Criminal Appeals' erroneous assertion that Morrow asked for an in camera inspection clearly conflicts with the record.
[11] Indeed, it does not appear that Morrow has been lulled into believing that the issue has been preserved. See n. 8,supra.