SHAW, Justice.
On December 11, 2015, the Court of Criminal Appeals, in an unpublished memorandum, affirmed the Jefferson Circuit Court’s order denying Derrick Sturdivant’s Rule 32, Ala. R.Crim. P., petition. Sturdivant v. State (No. CR-14-1549, December 11, 2015), _ So.3d _ (Ala.Crim.App.2015) (table). In his brief on appeal in the Court of Criminal Appeals, Sturdivant, for the first time, raised an issue challenging the sentencing court’s jurisdiction to enter his original sentence.[1] Following the Court of Criminal Appeals’ affirmance, Sturdivant filed this petition for a writ of certiorari.
Although jurisdictional issues can generally be raised at any time, see Nunn v. Baker, 518 So.2d 711 (Ala.1987), the Court of Criminal Appeals “will not remand a *595 case to the circuit court to hold an eviden-tiary hearing on a jurisdictional claim that was not presented in the petitioner’s Rule 32 petition unless facts appear in the record affirmatively showing a lack of jurisdiction.” Fincher v. State, 837 So.2d 876, 881 (Ala.Crim.App.2002). Nothing before this Court indicates that the record before the Court of Criminal Appeals affirmatively demonstrated that the sentencing court lacked jurisdiction, and we deny Sturdi-vant’s petition for the writ of certiorari.
Nevertheless, if Sturdivant’s claim “is jurisdictional in nature, [then Sturdivant] may file another Rule 32 petition raising this claim; the claim will not be subject to the procedural bars in Rule 32.2, Ala. R.Crim. P.; if pleaded properly, [Sturdi-vant] would be entitled to have an opportunity to present evidence to prove the claim.” Fincher, 837 So.2d at 882.
WRIT DENIED.
STUART, PARKER, MAIN, and WISE, JJ., concur.

. The merits of that claim have not been adjudicated in this case.