WRIGHT, Presiding Judge.
Appellant, Allen Ray Stinnett, appeals from the judgment of the circuit court finding the action by the Director of the Department of Public Safety (Department), suspending appellant’s drivers license, to be proper.
The Director of the Department suspended appellant’s license and auto registration plate pursuant to the Alabama Motor Vehicle Safety Responsibility Act after determining there was a reasonable possibility a judgment could be rendered against appellant due to damages arising from an automobile accident between appellant and J.D. Sasser. As provided in § 32-7-3(b), Code of Alabama 1975, appellant appehled the Department’s decision to the circuit court where the matter was considered upon the stipulations of the parties. The court, in its judgment, stated that it resolved the issue in favor of the Department and decided the suspension was proper.
Appellant contends on appeal that the trial court erred in determining there was a reasonable possibility of a judgment being rendered against appellant by failing to consider the fact that contributory negligence bars a claim for relief in this state. See Rule 8(c), A.R.Civ.P. Section 32-7-3(a) *128 of the Motor Vehicle Safety Responsibility Act provides for the Director of the Department of Safety to administer and enforce the provisions of the chapter and to make rules and regulations necessary for such administration. In accord with Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed. 90 (1971), the Director, in 1971, issued “Promulgated Rule No. 8” which requires a hearing officer in a license suspension hearing, before suspending a license, to determine whether there is a reasonable possibility of a judgment or judgments being rendered against a licensee. In Bell v. Burson, supra, the Supreme Court held that where the only purpose of a license suspension statute is to obtain security from which to pay any judgments against the licensee resulting from an accident, procedural due process requires an inquiry limited to the determination of whether there is a reasonable possibility of judgments in the amount claimed being rendered against the licensee.
The record contains affidavits of appellant alleging that the other driver was speeding and entered an intersection on a yellow light. Appellant apparently turned left, after stopping, and collided with the other vehicle which was passing through the intersection. The trial court recites that the case was submitted to it on stipulations. Such stipulations do not appear in the record. The court entered the following judgment:
“The parties appearing before the court through their attorneys and submit (sic) stipulations from which the court concluded that Allen Ray Stinnett was guilty of negligence and that there was evidence from which the court could conclude that there was a reasonable possibility that J.D. Sasser was guilty of contributory negligence. The court upon consideration of the said issue resolves the issue in favor of the Director of the Department of Public Safety and orders that the Order of Suspension was proper.
“It is therefore CONSIDERED, ORDERED AND ADJUDGED by the court that the relief sought is denied.
“This the 22 day of November, 1982.”
It appears from the judgment that the court did consider Stinnett’s claim of contributory negligence but, in spite of it, found that the Director properly found that there remained a reasonable possibility that claimant would recover a judgment. The issue as to whether contributory negligence should be considered in the determination by the Safety Director of whether a judgment could reasonably be rendered against the licensee is one of first impression in this state.
In an excellent brief, appellant’s attorney cites us to Sandoval v. Heckers, 179 Colo. 270, 499 P.2d 1169 (1972). In that case the Colorado Supreme Court responded to a certified question by a federal district court concerning the very issue we face here. That court found that since contributory negligence was a bar to recovery in Colorado at the time, the finding of a reasonable probability of a recovery against a licensee must necessarily involve a consideration of contributory fault. It is further noted, however, that Bell v. Burson, supra, does not require a definitive adjudication, but in cases in which contributory negligence is clearly a factor, there must be a consideration of it.
We are in agreement with the holding of the Sandoval case. However, we consider that the issue of whether evidence of contributory negligence should be considered in determining reasonable possibility .of claimant receiving judgment is not present in this case. We find from the judgment that the court did weigh the evidence as to contributory negligence and apparently determined that there remained a reasonable possibility that claimant would recover judgment. If appellant wishes this court to hold that the mere presence of evidence of contributory negligence should preclude a finding of “reasonable possibility” of a judgment favorable to claimant, we must decline to do so. It appears to us that the requirement of Bell v. Burson for a determination of “reasonable possibility” of recovery is a judgment call by the director in light of the evidence before him. Upon appeal de novo, as provided by statute *129 (§ 32-7-3(b)), the trial judge has an opportunity to make his judgment call in light of the evidence before him. Obviously his experience and knowledge of law may result in a different judgment. In this case the judgment of the court recites a submission upon stipulations of counsel. We find no stipulation in the record. Therefore, we are not certain we are privy to what the court had before it. In such case, it is presumed that the judgment is supported by the absent evidence, Nadreau v. Nadreau, 395 So.2d 1017 (Ala.Civ.App.1981). We have noted the affidavits and reports found in the record. We will not substitute our judgment for that of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.