ROBERTSON, Presiding Judge.
The petitioner in this case, the Director of the Alabama Department of Public Safety '(Director), has requested this court to issue a writ of mandamus directing the trial court to, in effect, grant the Director’s motion to strike respondent’s jury demand.
Steven Richardson, who has no liability insurance, had his driver’s license and car tag suspended by the Director following a determination, by the Director, that there was a reasonable possibility of a judgment being rendered against Richardson due to a car accident in which he was involved. Following this determination, Richardson appealed pursuant to § 32-7-3, Code 1975, and his appeal was placed on the civil jury docket pursuant to a request for a jury trial by Richardson.
The Director asserts that no right to a jury trial exists in an appeal from this determination. Richardson, however, asserts that, before the Director can suspend his car tag and driver’s license, he must be *1136 afforded a jury trial on the issue of whether there is a reasonable possibility of a judgment being rendered against him.
In support of his argument, he cites Bell v. Burson, 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971). We have carefully examined Bell and note that it does not mandate that a jury trial be extended to a person prior to suspending his tag and license. Bell simply holds that, before a state may deprive a person of “his driver’s license and vehicle registration, it must provide a forum for the determination of the question whether there is a reasonable possibility of a judgment being rendered against him as a result of the accident.” Bell, 402 U.S. at 542, 91 S.Ct. at 1591.
Richardson does not assert that the determination required under Bell has not been made but, rather, that he is entitled to a jury trial on this issue on appeal.
However, we have examined § 32-7-3, Code 1975, and note that it makes no provision for a jury trial in appeals from determinations by the Director:
“(b) Appeal to court. — [A]ny party in interest may appeal to the circuit court.... The court shall determine whether the filing of an appeal shall operate as a stay of any order or decision of the director_ The trial upon appeal to said circuit court shall be de novo, and said court shall render judgment confirming, modifying or setting aside the order or decision of the director or, in its discretion may remand the case to the director for proceedings in conformity with the direction of the court.”
§ 32-7-3, Code 1975 (emphasis added).
One fundamental rule of statutory construction is that this court should first ascertain legislative intent and then give effect to that intent. Clark v. Houston County Commission, 507 So.2d 902 (Ala.1987). Further, it is frequently said in statutory construction cases that the expression of one thing is the exclusion of the other. Ex parte Kirkpatrick, 495 So.2d 1095 (Ala.1986). Clearly, the language of § 32-7-3, Code 1975, does not reflect a legislative intent to give Mr. Richardson the right to a jury trial on an appeal from a determination by the Director. In fact, the statute clearly expresses an intention that appeals from determinations of the Director be heard by the trial court.
We also note the following language found in Stinnett v. Director, Department of Public Safety, 435 So.2d 127, 128 (Ala.Civ.App.1983), which supports our interpretation of the statute:
“Upon appeal de novo, as provided by statute (§ 32-7-3(b)), the trial judge has an opportunity to make his judgment call in light of the evidence before him.” (Emphasis added.)
We must next determine whether the right to a trial by jury has been preserved by our constitution. We recognize that pursuant to Rule 38(a), A.R.Civ.P., the right to a jury trial “as declared by the Constitution of Alabama or as given by a statute of this State shall be preserved to the parties inviolate.” This rule has been interpreted to preserve a party’s right to a jury trial in situations where that right existed when the Constitution of Alabama was adopted. Ex parte Jones, 447 So.2d 709 (Ala.1984). However, the constitutional guaranty of a right to a trial by jury, as provided by Section 11, is not extended to causes of action unknown at common law. Gilbreath v. Wallace, 292 Ala. 267, 292 So.2d 651 (1974).
An appeal from the action of the Director, suspending one’s driver’s license, is an action unknown at common law. Instead, the action is one created by statute. Thus, the constitution does not act to preserve the right to a trial by jury in an appeal from the determination of the Director. See Ex parte Smith, 435 So.2d 108 (Ala.Civ.App.1983); Ex parte Miles, 248 Ala. 386, 27 So.2d 777 (1946).
The writ of mandamus, which is an extraordinary writ, will be issued if there is a clear showing that the trial court abused its discretion and exercised it in an arbitrary and capricious manner. Ex parte Hudson, 558 So.2d 394 (Ala.Civ.App.1990). In view of our determination that neither the statute nor our constitution affords Mr. Richardson the right to a jury trial, we find *1137 that the trial court abused its discretion in not granting the Director’s motion to strike Richardson’s jury demand.
Consequently, we grant the writ conditionally. The writ shall issue unless the trial court complies with this opinion within fourteen days of its issuance.
WRIT GRANTED CONDITIONALLY.
THIGPEN and RUSSELL, JJ., concur.