The appellant, Jackie Humphrey, appeals from the denial of his petition for post-conviction relief filed pursuant to Rule 32, A.R.Crim.P. The appellant alleged in the sworn affidavit filed in support of his petition that his trial counsel was ineffective. In answer to the petition, the appellant's trial counsel filed a detailed affidavit refuting the allegations in the appellant's petition. The trial court reviewed both affidavits and denied the petition without an evidentiary hearing. On appeal, the appellant argues that the circuit court erred in not holding an evidentiary hearing because, he argues, disputed issues were presented by the affidavits.
Rule 32.9(a), A.R.Crim.P., states:
 "The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, in which event the presence of the petitioner is not required; or the court may take some evidence by such means and other evidence in an evidentiary hearing. . . . "
(Emphasis added.) See Johnson v. State, 564 So.2d 1019
(Ala.Cr.App. 989).
This section specifically provides for alternatives to an evidentiary hearing for the court's receipt of evidence. The trial court's actions in this case were consistent with the law.
Furthermore, in order to prove that counsel was ineffective, a petitioner must show (1) that his counsel's conduct was deficient and (2) that he was prejudiced by that conduct.Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984). The trial court, after reading all of the material before it, stated the following:
 "Petitioner alleges ineffective assistance of counsel. He alleges that his attorney did not adequately advise him before the trial or adequately represent him during the trial. Attached is a sworn affidavit from defense counsel responding to the petitioner's allegations. Counsel's performance did not fall below applicable standards."
Here the affidavit of the appellant directly contradicted the affidavit of defense counsel. The trial court considered the information before it and denied the petition. The record contains sufficient evidence to support its judgment. As Judge McMillan stated in Johnson, 564 So.2d at 1021: *Page 849 
 "From the particular facts of this case, however, it is our belief that the court, in fact, intended its ruling to be a finding of fact on disputed issues, based upon the affidavits submitted by the parties. This is all that the appellant is entitled to under Temp. Rule 20, A.R.Crim.P. [Rule 32, A.R.Crim.P.]."
For the foregoing reasons, the judgment in this case is due to be affirmed.
AFFIRMED.
All the Judges concur.