The appellant, Eddie Zote Hamilton, appeals from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, A.R.Crim.P., attacking an assault conviction and the resulting sentence. The appellant was arrested on an assault charge in 1989. He was convicted of assault in the second degree in March 1991 and this court by unpublished memorandum affirmed his conviction in July 1991.Hamilton v. State, 587 So.2d 1111 (Ala.Cr.App. 1991).
The appellant was arrested and was charged with murder in August 1990. He was tried and was convicted of murder in January 1991, before he was tried on the assault charge. After his assault conviction, his sentence was enhanced pursuant to the Habitual Felony Offender Act, using his 1991 murder conviction.
The appellant argued in his petition that he had been illegally sentenced under the Habitual Felony Offender Act. Specifically, he argued that the conviction used to enhance his sentence, the 1991 murder conviction, occurred after the commission of the assault offense in 1989; therefore, he argues, he could not legally have been sentenced as a habitual felon at the sentencing on the assault conviction.
The prosecution argued in its motion to dismiss the petition that the issue was procedurally barred because it either was raised on direct appeal or could have been raised on direct appeal but was not. Rule 32.2(a)(4) and 32.2(a)(5), A.R.Crim.P. Although this conviction was affirmed by this court on direct appeal without a written opinion, we take judicial notice of the fact that this issue was not raised by the appellant or addressed on direct appeal by this court. Hamilton, supra. However, this issue is not procedurally barred. Sentencing errors such as in this case raise jurisdictional problems and are not subject to waiver by failure to *Page 912 
raise the issue in any prior proceedings. Jackson v. State,582 So.2d 598 (Ala.Cr.App. 1991).
The allegations made by the appellant in his petition merit an evidentiary hearing. As this court stated in Coulter v.State, 438 So.2d 336, 347 (Ala.Cr.App. 1982), aff'd,438 So.2d 352 (Ala. 1983), "[T]he convictions used to enhance punishment under the Habitual Felony Offender Act must have occurred prior to the commission of the offense for which the defendant is being sentenced." If the appellant's allegations are true then he is entitled to relief.
This cause is remanded to the Circuit Court for Mobile County for that court to hold a hearing on the appellant's petition for post-conviction relief. Due return should be filed in this court no later than 42 days from the date of the release of this opinion.
REMANDED WITH DIRECTIONS.
All the Judges concur.