The petitioner, Paul Brown, was convicted of murder and was sentenced to 50 years' imprisonment. He filed a post-conviction petition pursuant to Rule 32, Ala.R.Crim.P., claiming that he was entitled to an evidentiary hearing on the merits of his petition. The circuit court denied the petition.
In this appeal, the petitioner raises three issues for review. First, he claims the circuit court erred in denying his claim of ineffective assistance of counsel without holding an evidentiary hearing. Second, the petitioner claims that he was denied the assistance of counsel in filing his Rule 32 petition and that that denial violated his constitutional right to counsel. Finally, the petitioner claims that the circuit court failed to address the petitioner's claims for relief. Based upon that last claim, this court must remand this case to allow the circuit court to make specific findings of fact showing its basis for denying this petition.
Rule 32.9(d), Ala.R.Crim.P., states that the circuit court must make specific findings of fact relating to each material issue of fact presented for the court's review in determining the merits of a Rule 32 petition. These findings of fact, which form the basis for the trial court's denial of a petitioner's Rule 32 petition, are necessary to afford the petitioner due process. Rule 32.9(d), Ala.R.Crim.P.; Agee v. State,639 So.2d 1388 (Ala.Crim.App. 1993); Henderson v. State, 570 So.2d 879
(Ala.Crim.App. 1990). The circuit court failed to make such findings. Therefore, this court remands this cause to the circuit court to make specific findings of *Page 1267 
fact as to each material issue raised in this petitioner's Rule 32 petition.
The petitioner's other two arguments on appeal are without merit. First, the circuit court relied upon the holding ofHumphrey v. State, 605 So.2d 848 (Ala.Crim.App. 1992), that the circuit court, in denying a Rule 32 petition, may rely upon affidavits, depositions, and evidence gathered by other methods in lieu of holding an evidentiary hearing. See, Rule 32.9(a), Ala.R.Crim.P. The petitioner incorrectly argues that Humphrey
does not apply in this circumstance. The circuit court could have properly denied the petition after considering the petition and brief of the petitioner, the State's response, and a sworn affidavit from the accused attorney.
The petitioner's other argument — that the circuit court erred in ruling upon the petition without ensuring that the petitioner was represented by counsel — is also without merit. A defendant has a right to counsel on direct appeal of a conviction. A defendant is not entitled to representation by counsel at all subsequent post-conviction proceedings, a fact the petitioner admits in his brief on appeal.
Therefore, this court remands this cause to the Jackson Circuit Court in order that that court can make specific findings of fact. A return to remand will be made with this court within 70 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All the Judges concur.
* Note from the Reporter of Decisions: On May 24, 1996, on return to remand, the Court of Criminal Appeals affirmed, without opinion.