[1] A previous unpublished memorandum concerning the appellant, Cofield v. State, 683 So.2d 1071
(Ala.Cr.App. 1996), refers to the appellant as "Christopher Cofield."
On June 2, 1995, while the appellant, Christopher James Cofield, was an inmate at Ventress Correctional Center in Clayton, he filed a petition for a writ of habeas corpus in the Barbour Circuit Court, contending that he was being unlawfully restrained on a 1991 conviction and sentence that had been imposed in Marion County.[2] The State moved to dismiss or, in the alternative, to transfer the case, arguing that the petition failed to state grounds upon which relief could be granted and that the issues it contained pertained to a conviction in the Marion Circuit Court. The trial court ordered the petition summarily dismissed. The court also ordered the appellant to pay a filing fee of $142.
On appeal, the appellant contends that the trial court erred in summarily denying his petition. He also contends that the court erred in imposing the $142 filing fee because he says he is indigent. The basis of the appellant's habeas corpus claim is as follows: On August 21, 1990, he was convicted in Franklin County of unlawful possession of marijuana for personal use only, a violation of § 20-2-70, Code of Alabama 1975. On April 18, 1995, that court held that that conviction was invalid because § 20-2-70 had been repealed by the legislature in 1987. On October 22, 1990, the appellant was indicted in Marion County of unlawful possession of marijuana for personal use only after having been previously convicted of that same offense, a violation of § 13A-12-213(a)(2), Code of Alabama
1975. He argues that, because the prior conviction was invalid, the subsequent indictment based upon that conviction was also invalid, and the Marion Circuit Court therefore lacked jurisdiction to render a judgment or to impose a sentence on the subsequent offense.
Rule 32.1, Ala.R.Cr.P., provides, in pertinent part, that a defendant may institute a proceeding in the court of original conviction in order to secure relief on the ground that the court was without jurisdiction to render the judgment or to impose the sentence. Pursuant to this rule, the appellant's petition should have been filed in Marion County. Rule 32.5, A.R.Cr.P. provides, in pertinent part, that a petition filed in another circuit court shall be transferred to the court where the conviction occurred. Therefore, the appellant's petition should have been transferred to the circuit court of Marion County. With regard to the filing fee, § 12-19-70(b), Code ofAlabama 1975, provides that, as was done in the present case, the docket fee of an indigent petitioner may be waived initially and then may be taxed as costs at the conclusion of the case.
This cause is due to be, and it is hereby, remanded to the Barbour Circuit Court, with instructions to transfer the appellant's petition to the Circuit Court of Marion County.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
[2] On July 25, 1995, the appellant notified the Barbour County circuit clerk that his current address was the Elmore Correctional Facility. *Page 495