On Application For Rehearing
The opinion of May 8, 1998, is withdrawn and the following is substituted therefor. Grady Maynard Fincher appeals from the circuit court's summary dismissal of his September 16, 1997, Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged his sentence as a habitual felony offender after a conviction for trafficking in illegal drugs. Fincher entered a guilty plea to the charge and was sentenced as a habitual felony offender to life in prison without the possibility of parole. We affirmed his conviction on direct appeal. See, Fincher v. State, 706 So.2d 863 (Ala.Cr.App.) (table), aff'd, 705 So.2d 883 (Ala. 1997) (table). The certificate of judgment was issued on June 20, 1997. He raises four issues for review.
 I.
Fincher contends that the trial court erred in dismissing his petition without a hearing. We disagree. Fincher's petition challenged the application of three prior felony convictions for sentence enhancement under the Habitual Felony Offender Act ("HFOA"). Rule 32.7 (d), Ala.R.Crim.P., permits summary dismissal when "no material issue of fact or law exists which would entitle the petitioner to relief" and no purpose would be served by further proceedings.
 II.
Fincher contends that there was not sufficient evidence presented at his sentencing to prove the three prior felony convictions used in enhancing his sentence under the HFOA. He asserts that his trial counsel's admission of the prior convictions was not sufficient proof that the prior convictions were valid for enhancement purposes under the HFOA.
Fincher has not alleged any facts indicating that the prior convictions were improper — e.g., that he was not represented by counsel, that the convictions were the result of no-contest pleas, or that he was a youthful offender at the time of the convictions. The trial court's summary dismissal of the petition on this ground was not error.
Moreover, no material issue of fact or law exists regarding this claim that would entitle Fincher to relief. "For determining habitual felony offender status, a defendant's prior convictions may be proved by his admissions to those prior convictions at trial." Hayes v. State, 647 So.2d 11, 13 (Ala.Cr.App. 1994). "The admission by a defendant of a prior conviction constitutes proper proof to enhance that defendant's sentence under the Habitual Offender Act." Daniel v. State, 623 So.2d 438, 441 (Ala.Cr.App. 1993). Because Fincher, through his counsel, admitted his prior felony convictions, the trial court had the authority to sentence him under the HFOA.
 III.
Fincher contends that the trial court failed to issue specific findings of fact when it summarily dismissed his petition. Fincher mistakenly relies on Rule 32.9 for support.
The circuit court issued an order disposing of the petition on the grounds that the issues were "without any basis in law or in fact upon which to grant any relief" and that the *Page 89 
issues were "also precluded under the provisions of Rule 32.2 (a)(2), and/or (4), Ala. R.Crim.P." C.R. 29. Rule 32.9 (a), Ala. R.Crim.P., provides for evidentiary hearings or the submission of "affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing" when disputed issues of material fact exist. Rule 32.9 (d), Ala.R.Crim. P., states: "The court shall make specific findings of fact relating to each material issue of fact presented." Rule 32.9 requires the circuit court to make specific findings of fact, because, as the trier of fact, its task is to resolve factual disputes and because "`a statement of the basis of the trial court's decision is essential to afford the appellant due process'" Hartzog v. State, [Ms. CR-96-1738, November 14, 1997] ___ So.2d ___ (Ala.Cr.App. 1997) (quotingOwens v. State, 666 So.2d 31, 32 (Ala.Cr.App. 1994)).
However, before a circuit court finds a petitioner to be entitled to a hearing under Rule 32.9, the court must find that the petitioner met his or her burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. Rule 32.3, Ala.R.Crim.P. "The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Rule 32.6 (b), Ala.R.Crim.P. Rule 32.7 (d), Ala.R.Crim.P., provides for summary disposition of a Rule 32 petition when "no material issue of fact or law exists which would entitle the petitioner to relief."[1] Rule 32.7 does not require the trial court to make specific findings of fact upon a summary dismissal. It would be absurd to require the trial court to resolve a factual dispute where none exists.[2] Here, the circuit court correctly ruled that Fincher's petition failed under Rule 32.7.
Unfortunately, Brown v. State, 677 So.2d 1266 (Ala.Cr.App. 1996), which I authored, has come to stand for the proposition that the circuit court must make findings of fact where there has been no evidentiary hearing under Rule 32.9 and where the petition was disposed of on procedural grounds under Rule 32.7. We could argue that implicit in the Brown ruling is that the petitioner met the Rule 32.7 hurdle and the case was disposed of on the merits. Nevertheless, Brown has become authority for prison inmates seeking to impose upon the court hearing the Rule 32 petition the duty to provide written findings of fact that the Rule 32 does not require. We overrule Brown v. State,677 So.2d 1266 (Ala.Cr.App. 1996), to the extent that it imposes written findings of fact that are not required by the rule. For the sake of clarification we note that any time a circuit court states that a Rule 32 petition is being disposed of on the merits, the circuit court must provide specific findings of fact supporting its decision — even if there has been no evidentiary hearing and no affidavits, written interrogatories, or depositions have been submitted in lieu of an evidentiary hearing. When a circuit judge states that a Rule 32 petition is being disposed of on the merits, it is clear that the petitioner passed the Rule 32.7 hurdle and a factual determination was made. Therefore, the circuit court must provide the appellate *Page 90 
court with findings of fact. We acknowledge that a circuit judge presiding over a Rule 32 petition often has personal knowledge concerning the allegations contained in a petition. "If the circuit judge has personal knowledge of the facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order." Sheats v. State, 556 So.2d 1094, 1095
(Ala.Cr.App. 1989).
It has been our observation that courts — including appellate courts — at times use the word "merit" too loosely when the courts really mean that the petition "is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under th[e] rule and that no purpose would be served by any further proceedings." Rule 32.7 (d), Ala.R.Crim.P. As stated above, a petition precluded under Rule 32.7 does not present the same situation as a petition that has no merit (Rule 32.9). In the interest of judicial economy we encourage the circuit courts to use precise language when disposing of a Rule 32 petition.
 IV.
Fincher contends that the trial court erred in ordering, at the conclusion of the proceedings, that he pay the filing fee for his Rule 32 petition. There is no merit to this contention. Section12-19-70 (b), Code of Alabama 1975, provides that, as was done in the present case, the docket fee of an indigent petitioner may be waived initially and then taxed as costs at the conclusion of the case. See, Cofield v. State, 682 So.2d 493 (Ala.Cr.App. 1996).
The trial court's summary dismissal of Fincher's Rule 32 petition is affirmed.
OPINION OF MAY 8, 1998, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION GRANTED; AFFIRMED.
LONG, P.J., and McMILLAN, BROWN, and BASCHAB, JJ., concur.
[1] Rule 32.7 (d) provides: (d) Summary disposition. If the court determines that the petition is not sufficiently specific, or is precluded or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings the court may either dismiss the petition or grant leave to file an amended petition. Leave to amend shall be freely granted. Otherwise the court shall direct that the proceedings continue and set a date for hearing. Rule 32.7 (d), Ala. R.crim.P.
[2] It would be the better practice for the circuit court to enter an order showing why the petition was dismissed. Justice Hugh Maddox in Alabama Rules of Criminal Procedure, explains why:
 In Hamilton v. State, 635 So.2d 911 912 (Ala.Crim.App. 1993), the defendant appealed from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32 Ala.R.Crim.P. on the ground that his sentence was illegal. The court of Criminal Appeals remanded so that a hearing could be held. The trial court conducted a hearing, and the Court of Criminal Appeals affirmed. This case shows the danger of dismissing summarily a Rule 32 petition, especially if no written order is entered to show why the petition was dismissed."
Hugh Maddox, Alabama Rules of Criminal Procedure, § 32.9, p. 65 (2d ed. 1994 and cumm. supp. 1997).