WISE, Judge.
The appellant, William Cain, appeals from the circuit court’s denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief, in which he attacked his 2002 guilty-plea convictions for five counts of distribution of cocaine and one count of possession of cocaine. Cain did not appeal from his conviction.
On September 12, 2002, Cain filed a Rule 32 petition, challenging his distribution and possession convictions. Cain alleged that the trial court erred in enhancing his sentence pursuant to § 13A-12-250, Ala.Code 1975, (1) because he “did not receive prior notice that the court would seek enhancement under Section 13A-12-250, Code of Alabama (1975)” and (2) because no evidence was presented during the guilty plea hearing tending to show that Cain was within three miles of a school as required by § 13A-12-250, Ala. Code 1975. On September 25, 2002, the State filed a motion for summary disposition, which contained a copy of the State’s November 1, 2001, notice to defendant of its intent to seek enhancement of his sentence under § 13A-12-250. Cain amended his petition at the beginning of the December 19, 2002, evidentiary hearing to include a claim of ineffective assistance of counsel. At the conclusion of the hearing, the trial court ruled by stating, ‘Well, I have either got to believe him or believe what the record says, and I choose to believe what the record says, so your petition is denied.” [1] This appeal followed.
On appeal, Cain argues (1) that the trial court erred by not finding his counsel ineffective; (2) that the trial court failed to make specific findings of fact on his claim of ineffective assistance of counsel; and (3) that the trial court erred “by not informing the defendant of the five-year enhancement prior to the entry of his guilty plea, and therefore, lack an actual basis for the guilty plea.”
Rule 32.9(d), Ala. R.Crim. P., requires that after a hearing on a Rule 32 petition, “[t]he court shall make specific findings of fact relating to each material issue of fact presented.” “These findings of fact, which form the basis for the trial court’s denial of a petitioner’s Rule 32 petition, are necessary to afford the petitioner due process.” Brown v. State, 677 So.2d 1266, 1266 (Ala.Crim.App.1996). The trial court failed to make such findings.
Accordingly, we remand this cause for the trial court to enter a new order addressing the claims contained in Cain’s Rule 32 petition. In remanding this case, we ask the trial court to order that a transcript of Cain’s guilty-plea hearing be prepared and that a copy of that transcript be included in the court’s return to remand. The trial court shall take the necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
*1180 REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, BASCHAB, and SHAW, JJ., concur.

. A review of the record reveals that the trial judge who denied Cain's Rule 32 petition is not the same judge who accepted his guilty plea; thus, the trial judge did not have personal knowledge of the circumstances surrounding Cain's guilty plea or his allegation of ineffective assistance of counsel. Compare Sheats v. State, 556 So.2d 1094, 1095 (Ala.Crim.App.1989).

 Note from the reporter of decisions: On September 19, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.