WELCH, Presiding Judge,
concurring in part and dissenting in part as substituted on application for rehearing on May 27, 2011.
When this Court issued its opinion on original submission in this case on March 25, 2011, I issued a special writing concurring in part and dissenting in part. On application for rehearing, I withdraw that special writing and substitute the following therefor.
I concur in the majority’s affirmance of the circuit court’s denial of the relief requested as to the substantive claims in *1020 Tony Mark McCartha’s second Rule 32, Ala. R.Crim. P., petition. However, I respectfully dissent from this Court’s affir-mance of the circuit court’s imposition of the docket fee set forth in § 12-19-71, Ala.Code 1975, which the circuit court imposed at the conclusion of the proceedings pursuant to § 12-19-70(b), Ala.Code 1975.
McCartha filed his first Rule 32 petition on February 12, 2007. The circuit court found that McCartha was not entitled to relief based on the grounds set forth in the petition, and, thus, it denied relief. No appeal was taken. Following two remands by this Court, the circuit court determined that McCartha was entitled to an out-of-time appeal, and, therefore, McCartha was granted relief as to that claim and allowed to pursue an appeal from the denial of his first petition.[3]
McCartha filed his second Rule 32 petition, the instant petition, on June 25, 2009. McCartha presented two claims in this petition. He claimed that he was entitled to an out-of-time appeal from the denial of his first petition and that he was entitled to relief because he was innocent of the crime underlying his conviction. The circuit court denied relief and ordered McCartha to pay the docket fee as authorized in §§ 12-19-70(b) and 12-19-71. McCartha filed a motion to set aside the order, arguing that, because he is indigent, the circuit court erred in requiring him to pay the filing fee. On August 13, 2009, the circuit court entered an order denying McCartha’s request to set aside the court cost assessed in his second Rule 32 petition. (C. 133.)
McCartha appealed from the denial of his petition reasserting the claims raised in his petition and adding the claim that it was error to assess a filing fee upon an indigent defendant.
This Court upholds the circuit court’s denial of McCartha’s claim of actual innocence presented in his first Rule 32 petition on the ground that the claim was not sufficiently pleaded. See Rules 32.3 and 32.6(b).
Regarding McCartha’s challenge to the assessment of the docket fee, McCartha argued that because he had been granted informa pauperis status, a filing fee could not be assessed. The majority finds this claim to be “meritless” and cites § 12-19-70(b), Ala.Code 1975, as authority for imposing the docket fee. 78 So.3d at 1018. “Section 12-19-70(b), Ala.Code 1975, provides that, as was done in the present case, the docket fee of an indigent petitioner may be waived initially and then taxed as costs at the conclusion of the case.” Fincher v. State, 724 So.2d 87, 90 (Ala.Crim.App.1998), citing Cofield v. State, 682 So.2d 493 (Ala.Crim.App.1996). Therefore, as to this issue, the majority holds that “the circuit court properly ordered McCartha to pay the court costs of his Rule 32 petition and, thus, that McCartha is entitled to no relief on this claim.” 78 So.3d at 1019.
I respectfully dissent from the decision to require McCartha to pay a filing fee. I agree with the majority that McCartha is incorrect when he argues that in forma pauperis status prevents a court from imposing the filing fee at the conclusion of the proceedings. Section 12-19-70(b), Ala. Code 1975, clearly contradicts that assertion. I am dissenting because I believe that Rule 32.6(a), Ala. R.Crim. P., as amended effective August 1, 2002, prohibits the assessment of the docket fee when, *1021 as here, all the claims are not proeedurally barred by Rule 32.2.
As stated in the majority opinion, § 12-19-70(b), Ala.Code 1975, provides that “[t]he docket fee [of an indigent petitioner] may be waived initially and taxed as costs at the conclusion of the case if the court finds that payment of the fee will constitute a substantial hardship.” Section 12-19-70(b) was enacted in 1975 and has been cited by this Court in numerous cases affirming the assessment of a docket fee upon indigent Rule 32 petitioners at the conclusion of the Rule 32 proceedings. Cofield v. State, 682 So.2d 493 (Ala.Crim.App.1996); Fincher v. State, 724 So.2d 87 (Ala.Crim.App.1998); see Ex parte Beavers, 779 So.2d 1223 (Ala.2000); Smith v. State, 918 So.2d 141 (Ala.Crim.App.2005); Madden v. State, 885 So.2d 841 (Ala.Crim.App.2003); Baker v. State, 885 So.2d 241 (Ala.Crim.App.2003). Thus, I agree whole-heartedly that “[s]ection 12-19-70, Ala.Code 1975, applies to Rule 32 petitions.” Clemons v. State, 55 So.3d 314, 334 (Ala.Crim.App.2003), rev’d on other grounds, 55 So.3d 348 (Ala.2007). However, I believe the 2002 amendment to Rule 32.6(a) prevents assessment of the filing fee against McCartha for the reasons that follow.
The Alabama Supreme Court
“promulgate[s] rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts....”
§ 12-2-7(4), Ala.Code 1975; Ala. Const. 1901, § 150.
Section 12-1-1, Ala.Code 1975, entitled “Effect of rules of Supreme Court of Alabama,” states:
“Any provisions of this title[, Title 12,] regulating procedure shall apply only if the procedure is not governed by the Alabama Rules of Civil Procedure, the Alabama Rules of Appellate Procedure or any other rule of practice and procedure as may be adopted by the Supreme Court of Alabama.”
(Emphasis added.) Thus, the procedural mechanisms for seeking postconviction relief are promulgated under the rule-making authority of the Alabama Supreme Court. See Rule 32.4, Ala. R.Crim. P. (“Proceedings under this Rule are governed by the Rules of Criminal Procedure ...”); Smith v. State, 918 So.2d 141, 147 (Ala.Crim.App.2005) (Rule 32 proceedings are governed by the Alabama Rules of Criminal Procedure.)
The Alabama Supreme Court adopted Rule 32, Ala. R.Crim. P., as part of the Alabama Rules of Criminal Procedure to regulate the procedure applicable in post-conviction petitions seeking relief from alleged errors in a judgment or sentence. See Rule 1.1, Ala. R.Crim. P. (“These rules[, the Alabama Rules of Criminal Procedure,] shall govern the practice and procedure in all criminal proceedings in all courts of the State of Alabama, and political subdivisions thereof, except as otherwise provided by court rule.”).
The Alabama Supreme Court, pursuant to its rule-making authority, adopted Rule 32.6, Ala. R.Crim. P., effective January 1, 1991. This procedural rule[4] required a Rule 32 petitioner to pay the docket fee or to be granted in forma pauperis status in order to obtain review of his or her petition. The pertinent part of the 1991 rule stated:
*1022 “(a) ... The [Rule 32] petition shall ... be accompanied by the filing fee prescribed by law or rule in civil cases in the circuit court unless the petitioner applies for and is given leave to prosecute the petition in forma pauperis, in which event the fee shall be waived.... ”
Rule 32.6(a), Ala. R.Crim. P., as effective January 1,1991.
This Court never found a conflict between Rule 32.6, as it was adopted in 1991, and § 12-19-70(b). The waiver of the filing fee in Rule 32.6 at the commencement of the proceedings did not prevent assessment in § 12 — 19—70(b) of the filing fee at the end of the proceedings. To the contrary, this court read Rule 32.6 in concert with § 12-19-70(b) and routinely affirmed challenges to the assessment of a filing fee imposed at the conclusion of a Rule 32 proceeding — without considering the ground underlying the denial or dismissal of the petition.
Effective August 1, 2002, the Alabama Supreme Court amended Rule 32.6(a) to read as follows:
“(a) ... [A Rule 32 petition] shall ... be accompanied by the filing fee prescribed by law or rule in civil cases in the circuit court unless the petitioner applies for and is given leave to prosecute the petition in forma pauperiSj-fe which event the-fee shall be waived.... If the application to proceed, in forma pauperis is granted, the filing fee shall be waived. If upon final disposition of the petition, the court finds that all of the claims for relief are precluded for any of the reasons stated in Rule 32.2, it may assess the filing fee, or any portion thereof. ...”
Rule 32, Ala. R.Crim. P., as amended August 1, 2002 (deletions and additions indicated).
The 2002 amendment to Rule 32.6(a) speaks to procedure “upon final disposition of the petition.” Specifically, the amendment added the language “[i]f, upon final disposition of the petition, the court finds that all of the claims for relief are precluded for any of the reasons stated in Rule 32.2, it may assess the filing fee, or any portion thereof....” (Emphasis added.) The amendment — the Alabama Supreme Court’s latest expression regarding the procedure for assessing a filing fee at the conclusion of a Rule 32 proceeding — clearly states that the filing fee is waived for indigent petitioners but that the court may choose to impose the fee or not, depending on the particular circumstances of the case, at the conclusion of the proceedings (as provided in § 12-19-70(b)) when “all” the claims have been found to be precluded by Rule 32.2.[5] The converse of this is that when less than all the claims are precluded by Rule 32.2, the filing fee may not be assessed. A contrary interpretation would eliminate all fields of operation for the 2002 amendment to Rule 32.6(a). In other words, absent this interpretation, the 2002 amendment would not differ in meaning from the rule as originally adopted in 1991. The 2002 amendment clearly restricted the authority of the court to impose filing fees. The majority opinion in effect holds that the amendment had no effect and was meaningless. We cannot presume that the Supreme Court in amending Rule 32.6(a) intended that the amendment mean nothing.
“In sum, ‘[i]f the language of [a] statute is unambiguous, then there is no room for judicial construction and the *1023 clearly expressed intent of the legislature [in the plain language of the statute] must be given effect.’ Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen, 714 So.2d 293, 296 (Ala.1998) (quoting I MED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)). ‘[0]nly if there is no rational way to interpret the words stated will we look beyond those words to determine legislative intent.’ DeKalb County LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 276 (Ala.1998). ‘We should turn to extrinsic aids to determine the meaning of a piece of legislation only if we can draw no rational conclusion from a straightforward application of the terms of the statute.’ 729 So.2d at 277.
“In determining whether judicial construction is required, ‘[t]he language of the entire statute under review must be read together and the determination of any ambiguity must be made on the basis of the entire statute.’ Sheffield v. State, 708 So.2d 899, 907 (Ala.Crim.App.1997). ‘Because the meaning of statutory language depends on context, a statute is to be read as a whole.’ Ex parte Jackson, 614 So.2d 405, 406 (Ala.1993). We must also bear in mind that ‘ “[tjhere is a presumption that every word, sentence, or provision was intended for some useful purpose, has some force and effect, and that some effect is to be given to each, and also that no superfluous words or provisions were used.” ’ Sheffield v. State, 708 So.2d 899, 909 (Ala.Crim.App.1997) (quoting 82 C.J.S. Statutes § 316 at pp. 551-52 (1953)).”
State v. Adams, [Ms. CR-08-1728, Nov. 5, 2010] — So.3d-(Ala.Crim.App.2010).
To any extent the majority suggests that § 12-19-70(b) and Rule 32.6 are to be read in pari materia to reach a contrary result, I respectfully disagree. As stated above, § 12-1-1 provides that procedural matters in Title 12 are controlled by “any other rule of practice and procedure as may be adopted by the Supreme Court of Alabama” if such a rule exists. Thus, it appears to me that Rule 32.6 controls the filing of a Rule 32 petition and the imposition of the filing fee. The real difference of opinion here concerns the meaning of the word “may” as it is used in the amended Rule 32.6.
“If the application to proceed in forma pauperis is granted, the filing fee shall be waived. If, upon final disposition of the petition, the court finds that all of the claims for relief are precluded for any of the reasons stated in Rule 32.2, it may assess the filing fee, or any portion thereof....”
Rule 32, Ala. R.Crim. P., as amended August 1, 2002 (emphasis added).
The majority interprets “may” to give a circuit court discretion to impose the filing fee for all Rule 32 petitions, including petitions where each claim was precluded from review. I believe that the circuit court’s discretion is limited only to the instance where all the claims are precluded. I base this belief, in addition to the reasons already expressed, on the principle of interpretation “that the special mention of one thing in a law implies the exclusion of the things not mentioned.” Schenher v. State, 38 Ala.App. 573, 576, 90 So.2d 234, 237 (1956); Richardson v. Wells, 582 So.2d 1134, 1136 (Ala.Civ.App.1991) (“It is frequently said in statutory construction cases that the expression of one thing is the exclusion of the other.”). The amended Rule 32.6 made “special mention” or it specially qualified that “[i]f’ all the claims in the petition were precluded by Rule 32.2, then the filing fee “may” be imposed.
Moreover, the amendment, as interpreted in this dissent, is in accord with “ ‘ “the purpose behind the passage of [12-19-70, *1024 which] was to discourage the filing of frivolous suits and to insure that the clerks of the circuit courts do not become ‘credit men.’ ” ’ ” Hyde v. State, 950 So.2d 344, 351 (Ala.Crim.App.2006) (quoting Clemons v. State, 55 So.3d 314 (Ala.Crim.App.2003), rev’d on other grounds Ex parte Clemons, 55 So.3d 348 (Ala.2007), quoting in turn De-Gas, Inc. v. Midland Resources, 470 So.2d 1218, 1220 (Ala.1985)). Claims procedurally barred pursuant to Rule 32.2 are frivolous because they do not allow the reviewing court to reach the merits of the claim. These procedural bars are different from a ruling on the merits, which requires the reviewing court’s resolution of a factual dispute. The procedural bars are also distinguishable from Rules 32.3 and 32.6(b), though perhaps less so. Rules 32.3 and 32.6(b) concern sufficiency in pleading. Rule 32.6(b) states that a claim consisting of bare allegations does not warrant further proceedings. Thus, unlike the procedural bars in Rule 32.2, a claim that is insufficiently pleaded could have been reviewed (i.e., it is not precluded by a procedural bar in Rule 32.2) had the petitioner pleaded facts, that if true, would have entitled him or her to relief. However, even an insufficiently pleaded claim might be saved by the filing of an amendment. Rule 32.7(d) gives the reviewing court the discretion to allow for the amendment of a claim that is not sufficiently specific. Therefore, it appears to me that in amending Rule 32.6(a) the Alabama Supreme Court clarified that regarding a Rule 32 petition, the filing fee for indigents is waived except where all the claims are frivolous, i.e., procedurally barred by Rule 32.2; in such a case, the circuit court may impose the filing fee at the conclusion of the proceedings.
Additionally, I disagree with the majority’s assertion that my interpretation of the amended Rule “could encourage inmates to file still more Rule 32 petitions.” 78 So.3d at 1019. My interpretation should discourage the filing of frivolous petitions, i.e., those precluded, while forgiving payment of a filing fee where the petition is not precluded. I, like most appellate judges, am concerned about the waste of judicial resources caused by the large number of frivolous and unnecessary petitions filed and appealed in Rule 32 cases. However, I am constrained to give effect to the words of the rule, even if to do so causes a result that I personally find unappealing.
For the above reasons, I respectfully dissent. I would urge the Alabama Supreme Court to modify Rule 32.6(a) to allow the assessment of the filing fee in cases that are completely without merit, insufficiently pleaded, or are obviously frivolous, even when these claims are not precluded.

. The appeal from the denial of McCartha’s first Rule 32 petition has been assigned docket number CR-10-0562.

. The circuit court does not obtain jurisdiction to consider a Rule 32 petition until either the filing fee is paid or the petitioner is granted in forma pauperis status.

. Rule 32.2 provides a list of preclusionary grounds for which a petitioner will not be given relief.