MADDOX, Retired Justice,
concurring specially.
After having reviewed the briefs and having listened to the oral arguments in this case, and after having done other research relating to the issue presented in Part II of the main opinion, I concur with what Judge Burke has written in Part II of the main opinion. I write specially only to express an additional reason why I am of the opinion that the trial court did not err in summarily dismissing Davis’s Rule 32, Ala. R.Crim. P., postconviction petition as it relates to the claims addressed in Part II of the main opinion.
As I view the legal issue that is presented in Part II of the main opinion, it is as follows: Does the principle of “notice pleadings” that is applicable in civil cases apply in a postconviction proceeding, especially when, as in this case, the State has filed a motion to dismiss and has attached an affidavit by the judge who tried the case, and in which he has specifically denied the allegations made in the petition that he, as the trial judge, had ex parte communications with the jury, both during the guilt phase and the penalty phase of this capital case in which the defendant Davis, had entered a plea of guilty? I think not.
Even assuming 'that the pleading in Davis’s petition relating to the alleged ex parte communications on this issue is sufficiently specific, I do not believe that the circuit judge who dismissed Davis’s claim abused his discretion, because the State attached to its responsive pleading an affidavit by Judge Austin, who had tried the capital-murder case, and the petitioner presented no evidence to contradict that affidavit, but insists that he did not have to present any evidence at that stage of the proceeding. I believe Davis misconstrues not only Alabama law, but also law from other jurisdictions and model rules applicable to postconviction proceedings. I state my reasons below.
The circuit judge in this ease entered an order in which he stated:
“Based on Judge Austin’s affidavit, and the fact that Davis did not proffer a single specific fact in his petition that would refute it, this court finds that the *450 allegation in part II of his petition is without merit.”
(C. 1985.)
In his brief, Davis’s counsel states that “[b]ecause Mr. Davis was required to plead, not prove, his claim in order to avoid summary dismissal, and because Mr. Davis was never given the opportunity to cross-examine the trial judge or to present his own evidence in support of his claim, the circuit court’s order was improper.” (Davis’s brief, at 24.) '
The State, in its brief, responded to this argument and stated, in pertinent part:
“The circuit court did not abuse its discretion in considering Judge Austin’s affidavit or in dismissing Davis’s claim without a hearing. As the circuit court noted, the State submitted Judge Austin’s affidavit in accordance with Rule 32.7(a), which provides that after a Rule 32 petition has been filed, the State shall .file ⅛ response, which may be supported by affidavits and a certified record or such portions thereof as are appropriate or material to the issues raised in the petition.’ Ala. R.Crim. P. 32.7(a).”
(State’s .brief, at 33.) In support of its argument, the State, cited Ex parte, Coleman, 71 So.3d 627, 633 (Ala.2010), which is also cited by the petitioner, in support of its position that affidavits can be attached to pleadings in a postconviction proceeding, and noted, that “[i]n Ex parte Coleman ... the. Alabama Supreme Court referenced affidavits attached to a Rule 32 petition (including an affidavit by the petitioner himself) [and] specifically discussed the petitioner’s affidavit in determining that the petition did satisfy the burden of pleading'under Rules 32.3 and 32.6(b). Ex parte Coleman, 71 So.3d 627, 633 (Ala.2010).” (State’s brief, at 33 n. 6)
Not only did Davis’s counsel argue in his initial brief, and in his reply brief, that a petitioner only had to plead, not prove, his allegations relating to the-alleged ex parte communications he claimed were prejudicial, but he also repeated the same contention at oral argument.
‘During his oral argument on this point, counsel was questioned by Judge Burke and Judge Kellum about his argument on this issue, and the following transpired:
“[Judge Burke]: Let me ask you this, do you have jurors who could have signed affidavits to the contrary?
“[Davis’s counsel]: We interviewed jurors, yes, sir. And that’s the basis of the claim and—
“[Judge Burke]: My question is, do you have jurors who would have signed affidavits tothe contrary?
[[Image here]]
“[Davis’s counsel]: Judge, we interviewed the jurors and got their facts on — their accounts of what happened. That’s what we have at this point, and our understanding of the rule was that we don’t' have a burden of presenting proof at the pleading stage. ■ So we alleged the facts that occurred that make up the violation in the petition and that was what we "were required to- do at that stage, and that’s what we did and what I think the record reflects.
“[Judge Kellum]: Well, once the State presented evidence pursuant to Rule 32.9, did it not seem incumbent on you to present counter-evidence pursuant to Rule 32.9 in the form of affidavits?
“[Davis’s counsel]: I think that’s an important question, I think, Judge, and our position is that we never made it to Rule 32.9. Rule 32.9 is the evidentiary hearing provision, and what Rule 32.9 says, is that the circuit court can accept proof by form of affidavits or testimony or other means. We never got to that place. This was summarily dismissed at the pleading stage, and I think — so I *451 don’t think that, the , affidavit that was submitted by the,. State changes., what the pleading requirements are in terms of a facially meritorious claim and being entitled to a hearing. I , think that the court, in its discretion at a future, evi-dentiary hearing could decide to take certain evidence into consideration by affidavit or by testimony or any means. But I, think that’s at the proof stage, when — and we’re just asking the court to get to that stage, we want to get to the proof stage at which we can — we can present our own evidence and cross-examine Judge Austin.”
(Emphasis added.) It 'is ■ apparent" from counsel’s answers to those questions, and from reading his' briefs, that counsel is of the opinion that a trial judge cannot summarily dismiss a Rule 32 petition, even when, as here, the State attaches an affidavit to its responsive pleading, in which the judge who-tried; the case categorically denied that he had any ex parte communications with the jury át the guilt phase or the penalty phase. Stated differently, it appears that counsel believes ■ that if he specifically pleads his claim, then he is entitled to an evidentiary .hearing under the provisions of Rule 32.9, Ala. R.Crim. P., even though there is evidence presented in the form of an affidavit that specifically denies those allegations. In short, it appears that Davis’s counsel believes that “notice pleadings” are sufficient in a post-conviction case.
I do not believe that the principle of law that, under the circumstances presented, a petitioner has only to plead, not to prove his claims, is applicable in this State, or in other states, or is consistent with model rules and standards applicable to .postcon-viction proceedings. For example, in Washington v. State, 95 So.3d 26 (Ala.Crim.App.2012), the Court held that summary dismissal of various claims was proper either because the claims were procedurally barred under Rule 32.2(a)(3) and (5), or because the claims were not sufficiently pleaded under Rule 32.2(b), or because no material issue of fact or law entitling the petitioner to relief was shown to exist, as required by Rule 32.7(d); In Washington, the Court stated:
“Although postconviction proceedings are civil in nature, they are governed by the Alabama Rules of Criminal Procedure. See Rule 32.4, Ala. R.Crim. P. : The ‘notice pleading’ requirements relative to civil cases do not apply to Rule 32 proceedings. ‘Unlike the general requirements ■ related to civil cases, the pleading requirements for postconviction petitions are more stringent....’ Daniel v. State, 86 So.3d 405, 411 (Ala.Crim.App.2011). Rule • 32.6(b), Ala. R.Crim. P., requires that full facts be pleaded in the petition if the petition is ■to survive summary dismissal. See Daniel, supra. Thus, to satisfy the requirements for pleading as they relate to postconviction petitions, Washington was required to plead full facts to support each individual claim.”
95 So.3d at 59. Additionally, in Fincher v. State, 724 So.2d 87 (Ala.Crim.App.1998), then Judge Cobb, writing for the Court, addressed an issue that is not unlike the issue presented in this case. In Fincher, Judge Cobb, examining and applying the provisions of Rule,32.7 and.Rule 32.9, stated that Fincher had mistakenly relied on Rule 32.9, the provision that Davis is relying upon in this case. Judge Cobb wrote:
“Fincher contends that the trial court erred in dismissing his petition without a hearing. We disagree. Fincher’s petition challenged the application of three prior felony convictions for sentence enhancement under the Habitual Felony Offender Act (‘HFOA’). Rule 32.7(d), Ala. R.Crim. P., permits summary dismissal when ‘no material issue of fact or *452 law exists which would entitle the petitioner to relief and no purpose would be served by further proceedings.
[[Image here]]
“Fincher contends that the trial court failed to issue specific findings of fact when it summarily dismissed his petition. Fincher mistakenly relies on Rule 32.9 for support.
“The circuit court issued an order disposing of the petition on the grounds that the issues were ‘without any basis in law or in fact upon which to grant any relief and that the issues were ‘also precluded under the provisions of Rule 32.2(a)(2), and/or (4), Ala. R.Crim. P.’ C.R. 29. Rule 32.9(a), Ala. R.Crim. P., provides for evidentiary hearings or the submission of ‘affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing* when disputed issues of material fact exist. Rule 32.9(d), Ala.. R.Crim. P., states: ‘The court shall make specific findings of fact relating to each material issue of fact presented.’ Rule 32.9 requires the circuit court to make specific findings of fact, because, as the trier of fact, its task is to resolve factual disputes and because ‘ “a statement of the basis of the trial court’s decision is essential to afford the appellant due process.”’ Hartzog v. State, [733] So.2d [461] (Ala.Cr.App.1997) (quoting Owens v. State, 666 So.2d 31, 32 (Ala.Cr.App.1994)), However, before a circuit court finds a petitioner to be entitled to a hearing under Rule 32.9, the court must find that the petitioner met his or her burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. Rule 32.3, Ala. R.Crim. P. ‘The petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.’ Rule 32.6(b), Ala. R.Crim. P. Rule 32.7(d), Ala. R.Crim. P., provides for summary disposition of a Rule 32 petition when ‘no material issue of fact or law exists which would entitle the petitioner to relief.’ Rule 32.7 does not require the trial court to make specific findings of fact upon a summary dismissal. It would be absurd to require the trial court to resolve a factual dispute where none exists. Here, the circuit court correctly ruled that Finch-er’s petition failed under Rule 32.7.
“Unfortunately, Brown v. State, 677 So.2d 1266 (Ala.Cr.App.1996), which I authored, has come to stand .for the proposition that the circuit court must make findings of fact where there has been no evidentiary hearing under Rule 32.9 and where the petition was disposed of on procedural grounds under Rule 32.7. We could argue that implicit in the Brown ruling is that the petitioner met the Rule 32.7 hurdle and the case was disposed of on the merits. Nevertheless, Brown has become authority for prison inmates seeking to impose upon the court hearing the Rule 32 petition the duty to provide written findings of fact that the Rule 32 does not require. We overrule Brown v. State, 677 So.2d 1266 (Ala.Cr.App.1996), to the extent that it imposes written findings of fact that are not required by the rule. For the sake of clarification we note that any time a circuit court states that a Rule 32 petition is being disposed of on the merits, the circuit court must provide specific findings of fact supporting its decision — even if there has been no evidentiary hearing and no affidavits, written interrogatories, or depositions have been submitted in lieu of an evidentiary hearing. When a circuit judge states that a Rule 32 petition is being disposed of on the merits, it is clear that the petitioner passed *453 the Rule 32.7 hurdle and a factual determination was made. Therefore, the circuit court must provide the appellate court with findings of fact. We acknowledge that a circuit judge presiding over a Rule 32 petition often has personal knowledge concerning the allegations contained in a petition. ‘If the circuit judge has personal knowledge of the facts underlying the allegations in the petition, he may deny the petition without further proceedings so long as he states the reasons for the denial in a written order.’ Sheats v. State, 556 So.2d 1094, 1095 (Ala.Cr.App.1989).
“It has been our observation that courts — including . appellate courts — at times use the word ‘merit’ too loosely when the courts really mean that the petition ‘is not sufficiently specific, or is precluded, or fails to state a claim, or that no 'material issue of fact or law exists which would entitle the petitioner to relief under-the rule and'that no purpose would be served by any further proceedings.’ Rule 32.7(d), Ala. R.Crim. P. As stated above, a petition precluded under Rule 32.7 does not present the same situation as a petition that has no merit (Rule 32.9). In the interest of judicial economy we encourage the circuit courts to use precise language when disposing of a Rule 32 petition.”
724 So.2d at 88-90 (footnote omitted); see also Washington v. State, supra.
It should be noted that two footnotes in Fincher are instructive. In footnote 1 of that opinion the Court quoted Rule 32.7(d), which provides:
“(d) Summary Disposition. If the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition. Leave to amend shall be freely granted. ■ Otherwise, the court shall direct that the proceedings continue and set a date for hearing.”
Footnote 2 provides:
“It would be the better practice for the circuit court to enter an order showing why the petition was dismissed. Justice Hugh Maddox, in Alabama Rules of Criminal Procedure, explains why:
“‘In Hamilton v. State, 635 So.2d 911, 912 (Ala.Crim.App.1993), the defendant appealed from the summary denial of his petition for post-conviction relief filed pursuant to Rule 32, Ala. R.Crim. P., on the ground that his sentence was illegal. The Court of Criminal Appeals .remanded so that a . hearing could be held. ■ The trial court conducted a hearing, and the Court of Criminal Appeals affirmed. This case shows the danger of dismissing summarily a Rule 32 petition, especially if no written order is entered to show why the petition was dismissed.’
“Hugh Maddox, Alabama Rules of Criminal Procedure, § 32.9, p. 65 (2d ed.1994 and cumm. supp.1997).”
Fincher v. State, 724 So.2d at 89 n. 2.
Other states have addressed the question whether the principle of “notice pleading” should be applicable in postconviction proceedings because those proceedings are not criminal, but civil, .in nature and whether the principle should be. applied in a postconviction proceeding arising from a capital case like this one. In Bishop v. State, 882 So.2d 135, 156 (Miss.2004), the Mississippi Supreme Court stated:
“Notions of notice pleading have no place in post-conviction applications, the very name of which implies that there *454 has been a final judgment of conviction. . Respect for the integrity of the judicial , process mandates that we require of , such applicants a far .more substantial .and'detailed threshold showing, far.in excess of that we deem necessary in the case of a plaintiff in a civil action or, for that matter, in the case of the prosecution in a criminal indictment. In this context we understand Section 99-39-9 [Miss.Code Ann., relating to postconviction proceedings] suggests a regime of sworn, fact pleadings, based upon personal knowledge.”
See also Jordan v. State, 577 So.2d 368, 369 (Miss.1990), citing Neal v. State, 525 So.2d 1279, 1280 (Miss.1987) (“Notice pleadings have no place in the post-conviction process.”). '
But summary dismissal of postconviction proceedings at the pleading stage is not unique to Alabama and Mississippi! Many states, although some use a term like “summary judgment” instead of the term “summary disposition” used in Rule 32.7, have- rules or provisions 'of law that allow for the summary disposition of pós'tconvic-tiori proceedings without a hearing, and other state courts have made similar statements when referring to notice pleadings. See State ex rel. Hopkinson v. District Court, Teton Cnty., 696 P.2d 54, 61 (Wyo.1985) (notice pleading is insufficient because a postconviction petition is not comparable to a civil complaint); State v. Bentley, 201 Wis.2d 303, 317, 548 N.W.2d 50, 56 (1996) (“The statutory concept of ‘notice pleading’ has no applicability to a postcon-viction motion challenging a guilty plea.'”); and Herman v. State, 330 Mont. 267, 278-79, 127 P.3d 422, 430 (2006) (“[T]he express statutory requirements set forth in § 46-21-104, [MonhCode Ann., relating to postconviction proceedings], significantly exceed — and are inconsistent with — the mere notice pleading requirements for an ordinary complaint in a civil action ”)
There is an additional reason why the provisions of Rule 32.7(d) should be construed as providing a procedure to authorize the trial judge to summarily dispose of the case, as he ■ did in this case, at the pleading stage. The first portion of Rule 32.9 states that “[u]nless the court dismisses the petition, the petitioner shall be entitled to an evidentiary hearing to determine disputed issues of fact — ” In this case, the circuit judge considering Davis’s post-conviction petition, Judge Cardwell, specifically stated that he was summarily dismissing this' claim in Davis’s petition “[b]ased on Judge Austin’s affidavit, and the fact that Davis did not proffer a single specific fact in his petition that would refute it,” and that, therefore, he found “the allegation in part II of [Davis’s] petition [to be] without merit.”
Based on all the foregoing, including a reading of the portions of the briefs of both parties relating to the specific issue on which this Court is divided, and after listening to "the oral arguments related to this issue and reviewing the provisions of the Uniform Postconviction Procedure Act and the American Bar Association’s Standards for Criminal Justice Relating to Postconviction Remedies (“The ABA Standards”), it appears to me that Alabama caselaw and both the Uniform Postconviction Procedure Act and the ABA Standards, specifically ABA - Standard 22-4.4(d), are applicable to this case. ABA Standard 22-4.4(d) provides that, “[i]n light of the application and response, the court may grant a motion for judgment on the pleadings if there exists no material issue of fact.” (Emphasis added.) In my opinion, the language of ABA Standard 22-4.4(d) is strikingly similar to the language of Rule 32.7(d), Ala. R.Crim. P., providing for summary-disposition of Rule 32 petitions, and when, as here, the State, *455 in its response, has filed evidence in the form of an affidavit that disputes the allegations made by the petitioner in his Rule 32 petition, Rule 32.7(d) and ABA Standard 22-4.4(d) both provide that a trial judge may grant a motion for judgment on the pleadings. I reach this conclusion because it is my opinion that a Rule 32 postconviction proceeding is civil in nature and that when a motion to dismiss filed pursuant to the provisions of Rule 32.7(d) has attached to it an affidavit or other evidence that is not contradicted, then a petitioner is not entitled to an evidentiary hearing. In short, I believe that a Rule 32.7 motion is similar to a motion filed pursuant to the provisions of Rule 12(b)(6) or Rule 56 of the Alabama Rules of Civil Procedure.
Because there is no disagreement regarding the other parts of the main opinion, I express no opinion on those parts.